PER CURIAM.
Two months after the jury returned a verdict for the appellant in this medical malpractice action, the trial court, prior to the availability of the trial transcript and buttressed by representations in the motion for new trial, entered an order granting a new trial, stating in part:
* * sfs * * *
2. During the pendency of the trial all medical expert testimony, with the exception of the Defendant himself, testified that the Defendant fell below the standards of care in this community in his treatment of the Plaintiff for a period of time with an untreated condition which caused her great discomfort.
3. This court finds that the verdict of the jury shocked the judicial conscience *625 of this Court so the Court is of the opinion that said verdict was based upon passion, prejudice, sympathy, or some other consideration outside of the evidence, or that the jury failed to understand, weigh or consider force and credability [sic] of the evidence, or failed to follow or understand the charges of this Court, (emphasis added).
Upon examination of the record and briefs, we determine that the trial court abused its discretion in granting a new trial. The trial transcript is replete with expert medical testimony, other than appellant’s, that Dr. Granada’s treatment of the appellee did not fall below the standard of care provided by like physicians in the community. Neither the record nor the order granting a new trial discloses upon what basis the trial court determined that the jury was influenced by outside considerations. See Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla.1978); Laskey v. Smith, 239 So.2d 13 (Fla.1970).
The order granting a new trial is reversed. The cause is remanded to the trial court to reinstate the jury verdict. The trial court shall assess reasonable attorney’s fees and costs to the prevailing party pursuant to section 768.56, Florida Statutes (1981).
Reversed and remanded with instructions.