452 So.2d 937 (1983)
Estine DAVIS, Appellant,
v.
NORTH SHORE HOSPITAL, Leonard Cantor, M.D. and John H. Kathe, M.D., Appellees.
No. 82-1392.
District Court of Appeal of Florida, Third District.
October 11, 1983.
Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, and Joel Eaton, and Philip Freidin, Miami, for appellant.
Steven R. Berger, Wolpe & Leibowitz, Miami, Stephens, Lynn, Chernay & Klein, and Deborah Neimark, West Palm Beach, for appellees.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and FERGUSON, JJ.
PER CURIAM.
The trial court ruled that Section 768.56, Florida Statutes (1981),[1] which provides for an award of reasonable attorney's fees to the prevailing party in a medical malpractice action, is unconstitutional because it is vague and because it denies to defendants equal protection of the laws as guaranteed by the Florida Constitution and the Constitution of the United States. This appeal challenges that ruling. We agree with the Fourth District that the statute meets constitutional muster. Florida Medical Center, Inc. v. Von Stetina, 436 So.2d 1022 (Fla. 4th DCA 1983). Another panel of this court has similarly concluded that the statute is constitutional in an opinion of this *938 same date. Young v. Altenhaus, 448 So.2d 1039 (Fla. 3d DCA 1983).
Reversed and remanded.
NOTES
[1] Section 768.56, Florida Statutes (1981) states:

768.56 Attorney's fees in medical malpractice actions. 
(1) Except as otherwise provided by law, the court shall award a reasonable attorney's fee to the prevailing party in any civil action which involves a claim for damages by reason of injury, death, or monetary loss on account of alleged malpractice by any medical or osteopathic physician, podiatrist, hospital, or health maintenance organization; however, attorney's fees shall not be awarded against a party who is insolvent or poverty-stricken. Before initiating such a civil action on behalf of a client, it shall be the duty of the attorney to inform his client, in writing, of the provisions of this section. When there is more than one party on one or both sides of an action, the court shall allocate its award of attorney's fees among prevailing parties and tax such fees against nonprevailing parties in accordance with the principles of equity. In no event shall a nonprevailing party be required to pay to any or all prevailing parties any amount in attorney's fees in excess of that which is taxed against such nonprevailing party. A party who makes an offer to allow judgment to be taken against him shall not be taxed for the prevailing party's attorney's fees which accrue subsequent to such offer of judgment if the final judgment is not more favorable to the prevailing party than the offer. The court shall reduce the amount of attorney's fees awarded to a prevailing party in proportion to the degree to which such party is determined by the trier of fact to have contributed to his own loss or injury.
(2) This section shall not apply to any action filed before July 1, 1980.