448 So.2d 1039 (1983)
Jerrold YOUNG, M.D., Appellant,
v.
Fern ALTENHAUS, Appellee.
No. 82-1761.
District Court of Appeal of Florida, Third District.
October 11, 1983.
*1040 Blackwell, Walker, Gray, Powers, Flick & Hoehl and James C. Blecke, Miami, for appellant.
Pelzner, Schwedock, Finkelstein & Klausner and Peter S. Schwedock, for appellee.
Before HENDRY, BASKIN and JORGENSON, JJ.
HENDRY, Judge.
Appellant appeals from a final judgment taxing the plaintiff/appellee's attorney's fees in the amount of $10,000 against appellant and another defendant doctor[1] in appellee's action for medical malpractice, in accordance with section 768.56, Florida Statutes (1981).[2] The jury found each of the two doctors fifty percent negligent and awarded plaintiff damages of $70,000. After the jury had rendered its verdict, but prior to entry of the final judgment thereon, appellee moved the court for an award of attorney's fees and costs, pursuant to section 768.56. Appellee sought rulings as to her entitlement to such fees and costs and as to the amount thereof. Final judgment subsequently entered on the jury verdict provided that plaintiff recover from the two defendant doctors the sum of $70,000, "with costs to be hereinafter taxed, for all of which let execution issue."[3] Thereafter, a hearing was held on attorney's fees and costs and other post-trial motions. At the conclusion of the hearing appellee's attorney indicated he would submit to the court an order on attorney's fees in the amount of $10,000, together with the costs to be taxed, which he would compute. The final judgment on attorney's fees was subsequently entered and this appeal followed.
On appeal, as well as in the trial court, appellant has challenged the constitutionality of section 768.56. The constitutionality of this section, as well as other portions of the medical malpractice statute, §§ 768.40  768.56, Florida Statutes (1981), was recently decided by the fourth district court of appeal in the consolidated case of Florida Medical Center, Inc. v. Von Stetina, 436 So.2d 1022 (Fla. 4th DCA 1983).
In Florida Medical Center, Inc., the court considered and held unconstitutional various portions of the act, i.e., § 768.54(2)(b), (limiting liability of health care provider to $100,000 per claim), § 768.54(3)(e)3, (limiting payout of an award to $100,000 per year), and § 768.51(1)(b)1, (requiring that future periodic payments be structured upon future damages computed "before any reduction to present value.") The court additionally considered whether section 768.56, the attorney's fee provision, is constitutional, and determined that it is. The amount of the fee awarded was, however, reduced to a "reasonable" figure. *1041 The court employed a "rational basis" test which it found applicable in medical malpractice actions by virtue of Pinillos v. Cedars of Lebanon Hospital Corp., 403 So.2d 365 (Fla. 1981). In Pinillos, the Florida Supreme Court acknowledged the "legitimate state interests" expressed in the preamble to the statute, and held that the section there under consideration, § 768.50, bore a "reasonable relationship to the legitimate state interest of protecting the public health by ensuring available adequate medical care." Id. at 368.
The fourth district court in Florida Medical Center, Inc., similarly stated the constitutional inquiry: "As we see it, the only question before this court is whether Section 768.56 creates a reasonable classification which bears a reasonable relationship to a permissible legislative objective." 436 So.2d at 1026. Additional authority for the test employed was found in the older Florida Supreme Court case of Hunter v. Flowers, 43 So.2d 435, 436 (Fla. 1949), which applied essentially the same test in determining the constitutional validity of a statute awarding attorney's fees to successful claimants in summary proceedings to enforce laborers' liens. It was further recognized in Florida Medical Center, Inc., that the legislative intent expressed in the act's preamble applied equally to the section under consideration, section 768.56.
We agree with the fourth district court's reasoning, based on the authorities cited therein, and we adopt the holding of Florida Medical Center, Inc., that section 768.56 does not violate the constitutional guarantees of equal protection and due process of law.
We next briefly address appellant's additional argument that the trial court was without jurisdiction to enter a separate judgment on attorney's fees because the judgment entered on the jury verdict did not specifically reserve jurisdiction to award attorney's fees. We find this argument to be without merit, for the following reasons. First, the language of section 768.56(1) is mandatory: "... the court shall award a reasonable attorney's fee to the prevailing party..."[4] Second, application for attorney's fees was timely, having been made even before entry of the final judgment, and necessitated a hearing both to determine the amount of the fees and to allow appellants to argue the unconstitutionality of the statute. Third, the language in the final judgment stating that the court reserved jurisdiction to tax costs indicates, in the context in which the order was entered, the court's recognition of the pending motion for attorney's fees and costs and the need for a ruling thereon. Finally, "the purpose of the statute [is] remedial and ... it should be construed liberally to effectuate that purpose." Theodorou v. Burling, 438 So.2d 400 (Fla. 4th DCA 1983). We conclude, therefore, that the jurisdiction of the trial court continued until the determination of the motion for attorney's fees by entry of the final judgment awarding such fees to appellee.
Accordingly, the judgment appealed is affirmed.
Affirmed.
NOTES
[1] This other defendant, Fred T. Chamuel, M.D., is not a party to this appeal.
[2] Section 768.56(1), Florida Statutes (1981), provides, in pertinent part, as follows:

Except as otherwise provided by law, the court shall award a reasonable attorney's fee to the prevailing party in any civil action which involves a claim for damages by reason of injury, death, or monetary loss on account of alleged malpractice by any medical or osteopathic physician, podiatrist, hospital, or health maintenance organization; however, attorney's fees shall not be awarded against a party who is insolvent or poverty-stricken... .
[3] An earlier-filed appeal by Dr. Chamuel from the final judgment on the jury verdict, Chamuel v. Altenhaus, 421 So.2d 527 (Fla.App. 3d DCA 1982), was ordered dismissed upon the filing by the appellant of a notice of voluntary dismissal.
[4] See, e.g., Granada v. Martinez, 414 So.2d 624 (Fla. 3d DCA 1982), directing the award of attorney's fees and costs upon remand of a medical malpractice action after appeal reversing new trial order and directing reinstatement of jury verdict.