440 So.2d 681 (1983)
Glenn L. POHLMAN, M.D.; Vinod D. Deshmukh, M.D.; Jacksonville Neurological Clinic, P.A.; Joseph J. Lowenthal, M.D.; Lowenthal & Puestow, P.A.; Melvin Greer, M.D.; Edward Valenstein, M.D.; David Yocum, M.D.; and Florida Physicians Insurance Reciprocal, Appellants,
v.
John E. MATHEWS and Gwendolyn G. Mathews, His Wife, Appellees.
No. AR-398.
District Court of Appeal of Florida, First District.
November 21, 1983.
John F. Corrigan and Lori E. Terens of Ulmer, Murchison, Ashby, Taylor & Corrigan, Jacksonville, for appellants Joseph J. Lowenthal, M.D., Lowenthal & Puestow, P.A. and Florida Physicians Insurance Reciprocal.
Pattillo & McKeever, Ocala, for appellants Glenn L. Pohlman, M.D., Vinod D. Deshmukh, M.D., Jacksonville Physicians Insurance Reciprocal.
R.J. Beckham of Beckham & McAliley, Jacksonville, for appellees.
*682 JOANOS, Judge.
In this medical malpractice action, the appellants, Dr. Pohlman and others ("the physicians"), prevailed and therefore sought to recover approximately $384,684.00 in attorneys' fees from the Mathews pursuant to Section 768.56, Florida Statutes. The Mathews moved the lower court to declare Section 768.56 unconstitutional as denying equal protection of the laws, due process of law, and access to the courts in violation of Article I, Section 21 of the Florida Constitution. The circuit judge found the provision unconstitutional for the reasons urged, noting in her order that counsel had agreed to limit consideration to the facial constitutionality of Section 768.56, without considering the validity of the section as applied.
On appeal, the physicians contend the provision is not facially unconstitutional as it does not violate equal protection or due process or deny access to the courts. With regard to the equal protection and due process questions, the physicians argue the proper standard of review is the rational basis test, under which the statute is valid if it or the classifications it creates bears a reasonable relationship to a legitimate legislative objective. They assert Section 768.56 bears a reasonable relationship to the legitimate purpose of protecting the availability of health care services to Floridians in the wake of the medical malpractice insurance crisis. As to the question of denying access to the courts, appellants argue the provision does not result in the abolition of a statutory or common law right of action without providing an adequate alternative, thus there has been no denial of access to the courts. The Mathews argue that the proper standard of review of the equal protectional challenge is strict scrutiny because a fundamental right  that of access to the courts  is involved. They argue alternatively that even applying the rational basis test, the provision and the resulting classifications do not bear a reasonable relationship to the legislative purpose. Further, they contend the provision has such a "chilling effect" as to effectively abrogate the right to sue, thus it denies access to the courts.
With regard to the claims that the provision violates equal protection and due process, we agree with the physicians and with the recent Fourth District case to which we have been referred, Florida Medical Center, Inc. v. Von Stetina, 436 So.2d 1022 (Fla. 4th DCA 1983), that the rational basis test applies and that the distinction drawn between medical malpractice litigants and other tort litigants bears a reasonable relationship to a legitimate government purpose. As noted in Von Stetina, the Florida Supreme Court has previously approved this distinction in dealing with other sections of the Medical Malpractice Act, see for example Pinillos v. Cedars of Lebanon Hospital Corp., 403 So.2d 365 (Fla. 1981). We conclude that Section 768.56 does not violate equal protection. Nor does it infringe on due process, because the provision for attorney's fees to the prevailing party bears a reasonable relationship to the legislative objective. See also Davis v. North Shore Hospital, (Fla. 3d DCA 1983) [8 FLW 2488] and Young v. Altenhaus, (Fla. 3d DCA 1983) [8 FLW 2489].
The test for determining whether there has been a violation of Article I, Section 21, Florida Constitution, was set forth in Kluger v. White, 281 So.2d 1 (Fla. 1973):
Where a right of access to the courts for redress for a particular injury has been provided by statutory law predating the adoption of the Declaration of Rights of the Constitution of the State of Florida, or where such right has become a part of the common law of the State pursuant to Fla. Stat. § 2.01, F.S.A., the Legislature is without power to abolish such a right without providing a reasonable alternative to protect the right of the people of the State to redress for injuries, unless the Legislature can show an overpowering public necessity for the abolishment of such right, and no alternative method of meeting such public necessity can be shown.
*683 We conclude that the assessment of fees to the prevailing party does not abrogate the right to sue and does not deny access to the courts even though we recognize that it may affect the decision to bring a lawsuit.
Therefore we reverse the lower court's determination that Section 768.56 on its face unconstitutionally denies equal protection, due process, and access to the courts. We do think, however, that the case presents a question of great public importance and therefore certify to the Florida Supreme Court the following question:
DOES SECTION 768.56, FLA. STAT. VIOLATE CONSTITUTIONAL GUARANTEES OF EQUAL PROTECTION, DUE PROCESS, OR ACCESS TO THE COURTS?
REVERSED AND REMANDED for further proceedings in light of this opinion.
LARRY G. SMITH and WENTWORTH, JJ., concur.