RYDER, Chief Judge.
Bayfront Medical Center, Inc., Andrew Wilkerson, M.D., and Aaron Hasiuk, M.D., appeal a judgment on attorney's fees and costs which declared section 768.56(1), Florida Statutes (1983), violated the Florida Constitution. We reverse.
Appellants filed a motion for taxation of costs and attorney’s fees pursuant to section 768.56(1). Appellees filed a motion to strike the demand for attorney’s fees on the ground that section 768.56(1) was unconstitutional. During the hearing on the motions, appellees argued that the section violates the equal protection clauses of both the Florida and United States Constitution, and that the section discriminates against that class of unsuccessful medical malpractice claimants who are solvent because it has a “chilling effect” upon their access to the courts. Appellants argued that there was a rational purpose and compelling state interest in the attorney fee provision because it dissuaded baseless litigation.
The court granted appellees’ motion to strike demand for attorney’s fees. In the judgment, the court stated that although the $14,077.00 attorney’s fee requested by appellants was reasonable, section 768.56(1) of the Florida Statutes is unconstitutional because it violates the equal protection clause of the Florida Constitution by requiring only those unsuccessful plaintiffs who are not indigent to pay attorney’s fees incurred by prevailing defendants in medical malpractice actions. Further, the court ruled that section 768.56(1) also violates the Florida Constitution because it denies equal access to the court by discriminating against those medical malpractice claimants who are not insolvent or poverty stricken by creating a “chilling effect” upon their right to seek redress for their injuries. The court denied appellants’ motion for taxation of attorney’s fees and granted appellees’ motion to strike demand for attorney’s fees.
Other district courts of appeal have considered the constitutionality of section 768.-56 and found it to be constitutional. Frankowitz v. Propst, 464 So.2d 1225 (Fla. 4th DCA 1985); Davis v. North Shore Hospital, 452 So.2d 937 (Fla. 3d DCA 1983); Young v. Altenhaus, 448 So.2d 1039 (Fla. 3d DCA 1983); Karlin v. Denson, 447 So.2d 897 (Fla. 4th DCA 1983); Pohlman v. Mathews, 440 So.2d 681 (Fla. 1st DCA 1983); Florida Medical Center, Inc. v. Von Stetina, 436 So.2d 1022 (Fla. 4th DCA 1983). The legislature has the power to exempt indigent litigants from the ambit of the statute. Such an exemption does not affect a solvent litigant’s right of access to the court, but rather, protects an indigent party’s right of access to the courts. Therefore, the statute does bear a reasonable relationship to a legitimate state objective, and does not violate the right to equal protection. Id. at 1030 (citing Hunter v. Flowers, 43 So.2d 435, 436 (Fla.1949)).
Reversed and remanded with instructions for further proceedings consistent with this opinion.
SCHEB and SCHOONOVER, JJ„ concur.