471 So.2d 598 (1985)
Doreen CATO, As Personal Representative of the Estate of John Cato, Appellant,
v.
WEST FLORIDA HOSPITAL, INC.; Medical Center Clinic, P.A.; John E. Wimberly, M.D.; and William C. Woolverton, M.D., Appellee.
No. AX-375.
District Court of Appeal of Florida, First District.
June 14, 1985.
*599 James F. McKenzie of McKenzie & Associates, P.A., Raymond C. Clay, Jr., Pensacola, for appellant.
Edward P. Nickinson, III, and Frank C. Bozeman of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Pensacola, for appellee West Florida Hosp.
Joe J. Harrell of Harrell, Wiltshire, Stone & Swearingen, Pensacola, for appellees Medical Center, Wimberly and Woolverton.
MILLS, Judge.
Cato's appeals from a jury verdict in favor of appellees in this medical malpractice action. We affirm.
Cato's decedent initially underwent surgery in July 1978 for the implantation of a pacemaker in his right chest. The incision failed to heal and additional surgery was performed in August 1978 in an attempt to clean the wound and facilitate healing. The procedure was unsuccessful and, in September 1978, the pacemaker was removed from the right chest and a new unit was placed in the left chest. It was after this third procedure that an extra surgical sponge was discovered in the right chest in the course of a routine post-operative "sponge count."
Cato, who at all times material hereto was suffering from a heart condition requiring anti-coagulant medication and from diabetes, filed suit against the doctors and medical facilities involved alleging that the negligent act of leaving the sponge in the right chest substantially contributed to the healing difficulties, causing additional pain and hospitalization. On the day of trial, appellees conceded negligence, leaving causation as the only issue for trial.
The expert testimony was conflicting on the issue of the sponge's contribution to Cato's difficulties in healing. The most favorable to Cato was presented by his expert, who testified that the sponge substantially contributed along with other medical conditions to his healing difficulties, within a reasonable medical probability. Cato's attempt to introduce evidence of problems suffered after the September surgery was denied because it was not foreseeable that the left chest would fail to heal. Appellees' motion for directed verdict, made at the close of the evidence, was taken under advisement.
The trial judge initially instructed the jury on legal cause and on contributing and concurring cause as set forth in Civil Standard Jury Instruction 5.1a, b and c. The jury returned twice for reinstruction; neither time was the full causation charge *600 given again, although Cato did not object until after the second reinstruction. His request for the complete charge was denied. The jury returned soon after the second reinstruction with a verdict for appellees on the causation issue.
Based on the favorable jury verdict, appellees were awarded attorney's fees pursuant to Section 768.56, Florida Statutes (1980 Supp.) as the prevailing parties. The award was made without objection from Cato.
Cato moved for new trial, which was denied. At the hearing, appellees requested a ruling on their motion for directed verdict. The court "provisionally" granted the motion.
Cato's contention that the trial court erred in refusing to give the full causation charge on reinstruction is without merit. Cato concedes that the complete instruction was given initially. An error such as alleged here is not a ground for reversal if the charges as a whole adequately present the law on the issues. Martin v. Tindell, 98 So.2d 473 (Fla. 1957). The failure to give a requested charge whose substance is covered in other charges is not reversible error. Reeder v. Edward M. Chadbourne, Inc., 338 So.2d 271, 275 (Fla. 1st DCA 1976); see also Griffin v. State (Fla. 1985) [10 FLW 264, 265 (filed 5/2/85)] (since information omitted from instruction was obvious from instructions that were given, the instruction was not essential). Because the complete charge was given initially, and the charges on reinstruction do not appear to have been "calculated to confuse, mislead or prejudice the jury," Martin, we affirm on this issue.
We also affirm the trial court's action in refusing to permit evidence of any damages suffered because of problems with the left chest operative site. We agree that those difficulties did not "naturally, proximately and reasonably follow or result" from the original act of negligence conceded by appellees, Briggs v. Brown, 55 Fla. 417, 46 So. 325 (1908).
Cato contends the trial court erred in awarding attorney's fees to appellees as the prevailing parties, pursuant to Section 768.56(1), Florida Statutes (1980 supp.)[1] She argues that, because of appellees' concession of negligence prior to trial, she was the prevailing party, despite receiving no damages. We cannot agree. To prove a cause of action in negligence, a plaintiff must show that the defendant owed him a duty, a breach of that duty, and damages proximately caused by the breach. Without the presence of any one of the elements, the entire cause of action fails. Here, Cato prevailed on the first two elements by virtue of the appellees' concession. However, appellees did not concede that their negligence caused Cato's injury, and the jury concluded that it did not. Therefore, Cato did not prove the required elements of his cause of action and appellees were the "prevailing parties" within the statute.
Cato next argues that the statute is unconstitutionally applied to him because his cause of action accrued prior to the statute's effective date. This court has held such an application unconstitutional, Parrish v. Mullis, 458 So.2d 401 (Fla. 1st DCA 1984), and the Florida Supreme Court recently agreed in Young v. Altenhaus, 472 So.2d 1152 (Fla. 1985). However, the record here does not reflect that Cato objected on constitutional grounds when the fee was imposed. In Sanford v. Rubin, 237 So.2d 134 (Fla. 1970), it was established that the constitutionality of a statute cannot be considered for the first time on appeal unless its application amounts to "fundamental error," i.e., goes to the foundation of the case or the merits of the cause of action.
*601 The Sanford factual situation is virtually indistinguishable from that in this case. Attorney's fees were awarded to the plaintiff pursuant to statute after he prevailed in an employee disciplinary action. The employer challenged the award, alleging the unconstitutionality of the statute for the first time on appeal. The District Court considered the issue and declared the statute unconstitutional. Reviewing the decision on a petition for certiorari, the Supreme Court found that the attorney's fee did not go to the merits of the case, therefore, the application of the statute did not constitute fundamental error and the district court improperly considered the issue.
The Sanford decision would appear to preclude us from considering the constitutionality issue raised by Cato. However, the circumstances of the opinion in Young, supra, persuade us that consideration of the issue may be permissible.
In Young, the Supreme Court reviewed this court's decision in Pohlman v. Mathews, 440 So.2d 681 (Fla. 1st DCA 1983). In Pohlman, medical malpractice plaintiffs (the Mathews) had challenged the facial constitutionality of Section 768.56 in the trial court; the constitutionality of the statute as applied to the Mathews was not raised. Pohlman at 682. The trial court declared the statute unconstitutional; this court reversed, certifying the constitutionality question. Pohlman at 683.
The Young court reversed Pohlman, relieving the Mathews from responsibility for the attorney's fee on the ground that Section 768.56 "cannot be constitutionally applied to causes of action which accrued," as did the Mathews', prior to its effective date. Young at 1154. The court reversed the fee despite the fact that constitutionality as applied was not raised by the Mathews below, nor considered by the trial judge.
Under the authority of the Supreme Court's action in Young, we reverse the fee imposed on Cato, despite her failure to object on constitutional grounds. However, pursuant to Fla.R.App.P. 9.030(a)(2)(A)(v), we certify the decision as passing upon the following question of great public importance:
Did the Supreme Court, by its decision in Young v. Altenhaus, 472 So.2d 1152 (Fla. 1985), which reversed this court's decision in Pohlman v. Mathews, 440 So.2d 681 (Fla. 1st DCA 1983), intend to overrule the holding of Sanford v. Rubin, 237 So.2d 134 (Fla. 1970), that the constitutionality of a statute cannot be considered for the first time on appeal unless its use amounts to "fundamental error?"
SMITH and THOMPSON, JJ., concur.
NOTES
[1] The statute provides that:

Except as otherwise provided by law, the court shall award a reasonable attorney's fee to the prevailing party in any civil action which involves a claim for damages by reason of injury, death, or monetary loss on account of alleged malpractice by any medical or osteopathic physician, podiatrist, hospital or health maintenance organization; ... .