489 So.2d 18 (1986)
Leonard CANTOR, Petitioner,
v.
Estine DAVIS, Respondent.
John H. KATHE, Petitioner,
v.
Estine DAVIS, Respondent.
Nos. 64663, 64664.
Supreme Court of Florida.
June 5, 1986.
*19 Wolpe & Leibowitz, Miami and Steven R. Berger of Steven R. Berger, P.A., Miami, for petitioner, Leonard Cantor, M.D.
Robert M. Klein and Debra J. Snow of Stephens, Lynn, Chernay & Klein, P.A., Miami, for petitioner, John H. Kathe, M.D.
Friedin & Hirsh, P.A., and Joel D. Eaton of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, Miami, for respondent.
McDONALD, Justice.
We have for review Davis v. North Shore Hospital, 452 So.2d 937 (Fla. 3d DCA 1983), which expressly declares valid section 768.56, Florida Statutes (1981). We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution. The sole issue remaining in this case is whether the petitioners' contention that section 768.56 is unconstitutional as applied to causes of action accruing before July 1, 1980 is properly before this Court. We answer in the affirmative and remand for proceedings consistent with this opinion.
This case began as a medical malpractice action by Davis against Cantor and Kathe. Finding section 768.56 unconstitutional, the trial court struck Davis' claim for attorney's fees.[1] On appeal the district court reversed and held the statute constitutional. This ruling preceded our holdings in Florida Patient's Compensation Fund v. Von Stetina, 474 So.2d 783 (Fla. 1985), and Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), wherein we, too, found the statute constitutional.
All parties agree, however, that Davis' cause of action accrued prior to July 1, 1980. Moreover, Davis concedes that in light of our decision in Young v. Altenhaus, 472 So.2d 1152 (Fla. 1985), section 768.56 cannot be retroactively applied to cases in which the cause of action accrued before July 1, 1980. Nevertheless, Davis argues that the petitioners did not raise the retroactive application issue in either the trial court or the district court and, therefore, cannot raise that issue for the first time here. In response the petitioners point out that in Cato v. West Florida Hospital, Inc., 471 So.2d 598 (Fla. 1st DCA 1985), the court recognized that, even though retroactivity had not been raised in the lower court in Young, this Court nonetheless disposed of the case on the retroactivity issue. Accordingly, Cato concluded that the retroactive application of section 768.56 could be addressed even though the issue had not been raised below.[2] Besides, *20 say Cantor and Kathe, the constitutionality as applied originally was raised at the trial court level, albeit on grounds other than retroactive application of the statute.
Prudence dictates that issues such as the constitutionality of a statute's application to specific facts should normally be considered at the trial level to assure that such issues are not later deemed waived. Once this Court has jurisdiction, however, it may, at its discretion, consider any issue affecting the case. Trushin v. State, 425 So.2d 1126 (Fla. 1982); Savoie v. State, 422 So.2d 308 (Fla. 1982); Negron v. State, 306 So.2d 104 (Fla. 1974). The district court's expressly finding section 768.56 to be constitutional conveyed jurisdiction to this Court. Art. V, § 3(b)(3), Fla. Const. Moreover, Davis concedes that this statutory provision was unconstitutionally applied in the case at bar and that addressing this issue would necessarily require that we alter the result reached below. Therefore, we feel we should consider the effect of retroactively applying section 768.56.
An appellate court is generally required to apply the law in effect at the time of its decision. Von Stetina, 474 So.2d at 787; Hendeles v. Sanford Auto Auction, Inc., 364 So.2d 467 (Fla. 1978); Rohrsen v. Waco Scaffold & Shoring Co., 355 So.2d 770 (Fla. 1978); Florida East Coast Railway v. Rouse, 194 So.2d 260 (Fla. 1966). Accordingly, Young should apply to the case at bar. Such application is especially compelling because of the particular circumstances of this case. When the petitioners made their original motion in the trial court to strike or deny attorney's fees, they asserted the statute's unconstitutionality both on its face and as applied. Because the trial court simply ruled the statute to be facially unconstitutional, however, the district court never reached the issue of the constitutionality of section 768.56 as applied to the particular facts in this case. Therefore, because the petitioners did not have a realistic opportunity to argue the matter below, they should not be precluded from raising the unconstitutional application question here.
Accordingly, while we approve the opinion of the district court dealing with the statute's facial constitutionality, we hold that section 768.56 has been unconstitutionally applied in the case at bar. We therefore remand for further proceedings consistent with this opinion.
It is so ordered.
BOYD, C.J., and OVERTON, EHRLICH and BARKETT, JJ., concur.
SHAW, J., concurs in result only.
ADKINS, J., dissents.
NOTES
[1] § 768.56, Fla. Stat. (1981), states:

(1) Except as otherwise provided by law, the court shall award a reasonable attorney's fee to the prevailing party in any civil action which involves a claim for damages by reason of injury, death, or monetary loss on account of alleged malpractice by any medical or osteopathic physician, podiatrist, hospital, or health maintenance organization; however, attorney's fees shall not be awarded against a party who is insolvent or poverty-stricken. Before initiating such a civil action on behalf of a client, it shall be the duty of the attorney to inform his client, in writing, of the provisions of this section. When there is more than one party on one or both sides of an action, the court shall allocate its award of attorney's fees among prevailing parties and tax such fees against nonprevailing parties in accordance with the principles of equity. In no event shall a nonprevailing party be required to pay to any or all prevailing parties any amount in attorney's fees in excess of that which is taxed against such nonprevailing party. A party who makes an offer to allow judgment to be taken against him shall not be taxed for the prevailing party's attorney's fees which accrue subsequent to such offer of judgment if the final judgment is not more favorable to the prevailing party than the offer. The court shall reduce the amount of attorney's fees awarded to a prevailing party in proportion to the degree to which such party is determined by the trier of fact to have contributed to his own loss or injury.
(2) This section shall not apply to any action filed before July 1, 1980.
[2] 471 So.2d at 601. After holding that § 768.56 could not be retroactively applied, the Cato court certified, as a question of great public importance, whether Young overruled Sanford v. Rubin, 237 So.2d 134 (Fla. 1970). Sanford held that a statute's constitutionality could not be raised for the first time on appeal unless its use amounted to fundamental error. The losing party in Cato, however, apparently chose not to seek review so the certified question did not reach us.