JORGENSON, Judge.
Robert Horvath appeals from a final summary judgment entered in favor of General Motors Corporation (GM) and Robert Dud-ding. We affirm.
In 1985, the Oldsmobile division of GM sought to establish a new Oldsmobile franchise in South Miami. This franchise became known as American Oldsmobile. GM sought an agreement with Cooper Oldsmobile, Inc. that it would not protest the opening of American Oldsmobile. Horvath alleges, and appellees deny, that GM and Robert Dudding represented to Cooper Oldsmobile, *772 Inc., that the Downtown Miami Oldsmobile franchise would be moved to Broward County and that a Westland sales facility, which was selling new Oldsmobiles, would be closed long before American Oldsmobile opened. Horvath alleges that based on these representations he, as vice-president and 27% shareholder, and William Cooper, as president and majority shareholder, agreed on behalf of Cooper Oldsmobile, Inc., not to protest the opening.
On November 11, 1986, GM entered into a Reorganization Agreement with Horvath. The agreement provided that GM and Hor-vath would buy out William Cooper and Hor-vath would become president and 25% shareholder with GM being the majority shareholder. Horvath was to become the sole owner over time through compensation under a Bonus Agreement which was based on the profits of Cooper Oldsmobile. The Bonus Agreement was to facilitate Horvath’s purchase of GM’s stock in Cooper Oldsmobile. Horvath and GM also entered into an Oldsmobile Dealer Agreement which required Horvath to be the principal manager of the dealership.
The two other dealerships selling new Oldsmobiles never closed or relocated and American Oldsmobile opened in April, 1988. Cooper Oldsmobile began experiencing financial difficulties and declared bankruptcy on March 13,1990. Horvath did not file a proof of claim against Cooper Oldsmobile, Inc., in the bankruptcy proceeding. However, the trustee in bankruptcy representing Cooper Oldsmobile, Inc., filed an adversary proceeding against GM for wrongfully selling new Oldsmobiles at the Westland sales facility. The trustee and GM settled the claim and the settlement discharged GM from any further claims as to the wrongful sale of new Oldsmobiles. The bankruptcy judge approved the settlement and the trustee executed a release.
Horvath individually filed a complaint in Dade Circuit Court against GM for its alleged misrepresentations and for the alleged wrongful sale of new Oldsmobiles at the Westland sales facility, and sought damages for his pecuniary loss and his diminished ability to become the sole owner of Cooper Oldsmobile. Robert Dudding, a GM employee, was named as a defendant in Horvath’s fraud claim. Subsequently, the trial court entered final summary judgment in favor of defendants; Horvath appeals.
Summary judgment was properly entered because Horvath failed to file a proof of claim against Cooper Oldsmobile, Inc., in the bankruptcy proceeding. Any compensation Horvath was to receive from the Bonus Agreement was solely based on the sales of Cooper Oldsmobile. The compensation was to be paid by Cooper Oldsmobile, Inc., not GM. Thus, any claim Horvath had as to reduced compensation under the Bonus Agreement should have been made against Cooper Oldsmobile, Inc., in the bankruptcy proceeding. “[T]he sole remedy for asserting an affirmative right to monies owed by a bankrupt’s estate, based on prepetition debt, is to file proofs of claim.” Browner v. Rosen, 56 B.R. 214, 216 (D.Mass.1985); see also In re Johns-Manville Corp., 53 B.R. 346 (Bankr.S.D.N.Y.1985) (only appropriate way to assert claim against debtor’s estate is through the timely filing of a properly executed proof of claim); Bankr.Rule 8002(a), 11 U.S.C.A. (West Supp.1993) (“An unsecured creditor or an equity security holder must file a proof of claim or interest in accordance with this rule for the claim or interest to be allowed ... ”). Horvath’s failure to file a timely proof of claim against Cooper Oldsmobile, Inc., precludes him from recovering any extra compensation he may have received under the Bonus Agreement.
Furthermore, summary judgment was properly entered because Horvath’s claims were not brought in a derivative action. Horvath argues that he was individually harmed by GM’s alleged wrongful sale of new cars at unauthorized facilities as these sales hurt Cooper Oldsmobile’s profits. Because his Bonus Agreement with GM was tied to Cooper Oldsmobile’s profits, and because his ability to buy out GM and become the sole owner of Cooper Oldsmobile, Inc., was facilitated through his compensation from the Bonus Agreement, Horvath argues that he has suffered individual harm and can sue GM directly.
*773 This tenuous argument fails because Cooper Oldsmobile, Inc., is the only entity which may have had a claim against GM for the alleged wrongful sale of new automobiles. Horvath cannot escape the fact that any right to protest the opening of a new Oldsmobile dealership or the alleged wrongful sale of new Oldsmobiles at the Westland sales facility belonged to Cooper Oldsmobile, Inc. “[A] stockholder has no right to sue for damages to the corporation, unless the suit is a derivative action.” Grandin Indus., Inc. v. Florida Nat’l Bank at Orlando, 267 So.2d 26, 31 (Fla. 4th DCA 1972); Lincoln Oldsmobile, Inc. v. Branch, 574 So.2d 1111, 1114 (Fla. 2d DCA 1990) (“The injury here is to the corporation and not to Branch. In such cases, a stockholder cannot maintain an action in his own name but must bring it in the name of the corporation.”). Thus, summary judgment was properly entered because Hor-vath’s claims were not brought in a derivative action.
Finally, even if Horvath had raised his claims in a derivative suit, summary judgment was properly entered because Cooper Oldsmobile, Inc., has released GM from liability for these claims. As a matter of law, Cooper Oldsmobile, Inc., cannot bring suit against GM for the acts Horvath now complains of because it has released GM and Florida courts have consistently barred plaintiffs from asserting claims which are the subject of earlier settlements and releases. See, e.g., City of Miami v. Coconut Grove Marine Properties, 358 So.2d 1151, 1154 (Fla. 3d DCA 1978), cert. denied, 372 So.2d 932 (Fla.1979). Cooper Oldsmobile, Inc., and its shareholders, one of whom was Horvath, have already received monetary compensation, by way of a settlement payment, for GM’s alleged wrongful actions. Horvath’s individual lawsuit, which asserts essentially the same claims, is an impermissible attempt at double recovery. See Kingswharf, Ltd. v. Kranz, 545 So.2d 276 (Fla. 3d DCA); rev. denied, 553 So.2d 1165 (Fla.1989).
As to Horvath’s fraud claim against GM and Dudding, Horvath essentially argues that he has been defrauded into waiving his “right” to protest the opening of American Oldsmobile. However, this argument fails for the same reason discussed previously. Any right to protest GM’s actions belonged to Cooper Oldsmobile, Inc. Horvath cannot now individually sue for claims which have been settled and released by Cooper Oldsmobile, Inc.
In sum, the trial court properly entered summary judgment because Horvath failed to file a proof of claim against Cooper Oldsmobile, Inc. in the bankruptcy proceeding; because Horvath’s claims were not brought in a derivative action; and because the claims have been released by Cooper Oldsmobile, Inc. Finding no merit in Horvath’s remaining arguments, we affirm the summary judgment entered below.
Affirmed.