**In the Matter of John Duane AYERS.**

No. C2–97–879.

Court of Appeals of Minnesota.

Nov. 10, 1997.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 2.

Brian C. Southwell, Minneapolis, for Appellant Ayers.

Hubert H. Humphrey, III, Attorney General, John L. Kirwin, Assistant Attorney General, St. Paul, for Respondent.

Considered and decided by HUSPENI, P.J., and AMUNDSON, and FOLEY, JJ.

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const.

**OPINION**

DANIEL F. FOLEY, Judge.\*

The district court committed appellant indeterminately as a sexual psychopathic personality (SPP) and a sexually dangerous person (SDP). He appeals, contending the district court erred when it held Minn.Stat. § 253B.07, subd. 7(a) (1996) did not require a probable cause determination as to the merits of the commitment in the preliminary hold hearing, and when it did not make findings as to alternatives less restrictive than commitment to the Minnesota Sexual Psychopathic Personality Treatment Center. Appellant also asserts that the SDP law is unconstitutional. We affirm.

**FACTS**

Appellant John Duane Ayers was 66 at the time of his commitment hearing. He admitted he had sexually abused boys beginning at least 25 years previously. Appellant gained access to the boys through his work and recreational activities and by befriending their parents.

Appellant consistently declined to participate in sex offender treatment and instead denied wrongdoing, claiming his conduct was beneficial to the boys. Evidence indicated his victims suffered serious emotional and mental harm, that he suffered from paraphilia and a personality disorder, that he displayed an utter lack of power to control his sexual impulses, and that he was highly likely to reoffend.

Appellant was imprisoned after he was convicted of felonies for his criminal sexual conduct. Several weeks before his scheduled release date, the prison warden filed a petition for appellant's commitment as a SPP and a SDP. Because appellant's scheduled release date would arrive before the commitment hearing, respondent moved for a prehearing hold order.

After the preliminary hearing, the district court concluded there was insufficient probable cause to support the SPP petition, and it dismissed that portion of the petition. The

art. VI, § 10.

court found probable cause to support the SDP commitment and probable cause to believe that serious imminent physical harm to another was likely if appellant were not confined. Respondent then moved to reinstate the SPP petition. The court amended its earlier order and reinstated the SPP portion of the petition, concluding that the only probable cause determination contemplated by the statute was whether serious imminent physical harm was likely unless appellant were confined, although it expressed doubt as to whether this was consistent with due process.

After a hearing on the merits, the district court concluded that the standards for commitment were met and ordered an initial commitment as SPP and SDP. Staff at the Minnesota Sexual Psychopathic Personality Treatment Center evaluated appellant, and the court held a review hearing. The court made appellant's commitment as SPP and SDP indeterminate, and he appeals.

## ISSUES

1. Does Minn.Stat. § 253B.07, subd. 7(a) (1996) require the district court to make a probable cause determination as to the merits of the petition before it may issue a prehearing hold order?

2. Did the district court make sufficient findings to support its decision that commitment to the Minnesota Sexual Psychopathic Personality Treatment Center was the least restrictive alternative?

3. Is the sexually dangerous person law, Minn.Stat. § 253B.02, subd. 18b(a) (1996) unconstitutional?

## ANALYSIS

### I.

■ Construction of a statute is a question of law fully reviewable by an appellate court.

**1.** We decline to accept respondent's claims that the issue is moot and nonjusticiable.

**2.** Effective August 1, 1997, the legislature repealed Minn.Stat. § 253B.07, subd. 6, and largely recodified it at Minn.Stat. § 253B.07, subd. 2b. 1997 Minn. Laws ch. 217, art. I, §§ 42, 118; *see* Minn.Stat. § 645.02 (1996) (unless otherwise specified, effective date of act is next August 1 following its enactment). Also effective August 1, 1997, the legislature amended Minn.Stat.

*Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn. 1985).

Appellant argues that the district court erred when it ultimately ruled that Minn. Stat. § 253B.07, subd. 7(a) (1996) did not require it to determine whether probable cause existed to believe he met the standards for commitment before the hold order could be issued.[1]

The commitment statute provides that in certain circumstances, a proposed patient may be confined before the hearing on the merits. Minn.Stat. § 253B.07, subds. 6, 7 (1996).[2] Subdivision 6 authorizes an ex parte hold if there is a particularized showing the proposed patient is likely to cause serious imminent physical harm to the proposed patient or others unless apprehended, if the proposed patient has not voluntarily appeared pursuant to a subpoena for an examination or the commitment hearing, or if the proposed patient was subject to an emergency hold at a treatment center. The proposed patient, however, may not be held for more than 72 hours unless the court conducts a preliminary hearing to determine whether probable cause exists to continue to hold the person. Minn.Stat. § 253B.07, subd. 7(a). Respondent here proceeded directly under Minn.Stat. § 253B.07, subd. 7, seeking to have appellant held for more than 72 hours.

This dispute arises because Minn.Stat. § 253B.07, subd. 7 refers in two subsections to the determinations the district court must make. Minn.Stat. § 253B.07, subd. 7(a) provides:

No proposed patient may be held pursuant to subdivision 6 for longer than 72 hours * * * unless the court holds a pre-

§ 253B.07, subd. 7(a) to remove the reference to "probable cause," substituting a reference to whether the "standard" to hold the person was met. 1997 Minn. Laws. ch. 217, art. I, § 48. It retained the reference in Minn.Stat. § 253B.07, subd. 7(d) to the standard requiring the district court to find whether serious imminent physical harm to the patient or others is likely unless the proposed patient is confined. *Id.* Our interpretation of the statute is consistent with these amendments.

liminary hearing and determines that *probable cause exists to continue to hold the person.*

(Emphasis added.)  Minn.Stat. § 253B.07, subd. 7(d), states in relevant part:

The court may order the continued holding of the proposed patient if it finds, by a preponderance of the evidence, that *serious imminent physical harm to the patient or others is likely if the proposed patient is not confined.*

(Emphasis added.)

Appellant claims that the language of the statute required the district court to make two probable cause determinations: (1) whether probable cause existed to believe he met the standards for commitment, Minn. Stat. § 253B.07, subd. 7(a), and (2) whether it was likely "serious imminent physical harm" would occur to himself or others unless he were confined.  Minn.Stat. § 253B.07, subd. 7(d).

Appellant first argues that "probable cause" in subdivision 7(a) has the technical meaning:

An apparent state of facts found to exist upon reasonable inquiry * * * which would induce a reasonably intelligent and prudent man to believe, in a criminal case, that the accused person had committed the crime charged, or, in a civil case, that a cause of action existed.

*Black's Law Dictionary* 1201 (6th ed.1990).  Because technical terms are to be construed according to their special meaning, Minn. Stat. § 645.08(1) (1996), appellant asserts that subdivision 7(a) requires a determination of whether probable cause existed to believe he met the standards for commitment.  *See* Minn.Stat. § 253B.02, subds. 18a, 18b (1996) (definitions of sexual psychopathic personality and sexually dangerous person).  He contends that due process requires this interpretation of the statute to allow inquiry into the merits of the petition.  Appellant argues that subdivision 7(d) then requires the court to make a separate finding as to whether serious imminent physical harm was likely if he were released.

The supreme court addressed the necessity of a "probable cause" hearing when it interpreted Chapter 253A, the predecessor to Chapter 253B, which did not provide for such a hearing within a reasonable period of time after prehearing confinement.  *State ex rel. Doe v. Madonna,* 295 N.W.2d 356, 364–65 (Minn.1980).  The court held due process required that within 72 hours of the initial confinement, the district court must hold a preliminary probable cause hearing.  *Id.* at 365.  The court described probable cause in this context as whether

sufficient reason exists to believe that a patient should be committed to a mental institution;  for instance, whether reason exists to believe the patient is probably dangerous to himself or others.  It should not be confused with "probable cause" as used in the context of a criminal case.

*Id.* at 364 n. 13.

When the legislature enacted the successor statute, chapter 253B, it provided for a probable cause hearing.  1982 Minn. Laws ch. 581, § 7 (codified in relevant part at Minn.Stat. § 253B.07, subd. 7).  Pursuant to the supreme court's discussion in *Madonna,* 295 N.W.2d at 364 n. 13, the statute does not require a criminal-type of inquiry into probable cause as to the merits, but only an inquiry into whether it is likely that serious imminent physical harm will result to the proposed patient or others unless the person is confined.  *See* Minn.Stat. § 253B.07, subd. 6 (providing in relevant part that the ex parte hold order may be based on particularized showing of likelihood of serious imminent physical harm to proposed patient or others unless person is apprehended).  Subdivision 7(a) does not require a separate determination of probable cause as to the merits, but instead implements the 72–hour hearing requirement from *Madonna,* 295 N.W.2d at 365.  We uphold the district court's ruling that the statute requires a probable cause determination only as to whether serious imminent physical harm was likely if appellant were not confined.

## II.

■  Appellant next argues remand is necessary because the district court failed to consider and make sufficient findings as to the least restrictive alternatives.  The dis-

trict court committed appellant to the Minnesota Sexual Psychopathic Personality Treatment Center as the least restrictive placement available to meet appellant's treatment needs and provide adequate protection to society.

If a court finds that a person should be indeterminately committed as a sexually dangerous person or a sexual psychopathic personality, "[t]he court must find that there is no appropriate less restrictive alternative available." *In re Pirkl*, 531 N.W.2d 902, 910 (Minn.App.1995) (citing Minn. R. Civ. Commitment 12.06), *review denied*, (Minn. Aug. 30, 1995).

Appellant contends that under Minn.Stat. § 253B.09, subd. 2 (1996), the court was required to make specific findings listing less restrictive alternatives considered and rejected by the court, as well as reasons for rejecting them. He asserts that the district court should have cited and considered his scheduled release plan from prison as an alternative in which he would be placed on electronic monitoring, make daily reports to his parole officer, and be evaluated and referred for sex offender treatment.

Minn.Stat. § 253B.09, subd. 2 applies to commitments as mentally ill, mentally retarded, and chemically dependent. Minn. Stat. § 253B.09, subd. 1. The pertinent procedures governing SPP and SDP commitments are found in Minn.Stat. § 253B.18. Minn.Stat. § 253B.185, subd. 1 (1996) (directing that SPP and SDP commitments generally are governed by the procedures pertaining to mentally ill and dangerous persons, section 253B.18). As discussed above, the court must find no appropriate less restrictive alternative available. *Pirkl*, 531 N.W.2d at 910. The factual specificity requirements found in Minn.Stat. § 253B.09, subd. 2 were not adopted in the SDP Act. *In re Linehan*, 557 N.W.2d 171, 190 (Minn.1996), *pet. for cert. filed* (U.S. May 2, 1997) (No. 96–8876).

The district court relied on the recommendations of the experts to support its decision. Its findings were sufficient and supported its conclusion that placement at the Minnesota Sexual Psychopathic Personality Treatment Center was the least restrictive alternative placement.

### III.

■ Appellant next raises constitutional challenges to the SDP law, although he acknowledges that the Minnesota Supreme Court has upheld the SDP law against these challenges. *Linehan*, 557 N.W.2d at 175. He continues to assert the challenges because the law is subject to further constitutional review by the United States Supreme Court. We agree that *Linehan* is controlling. We further note that the Supreme Court has rejected constitutional claims to Kansas's similar sexual predator law. *Kansas v. Hendricks*, —— U.S. ——, ——, 117 S.Ct. 2072, 2086, 138 L.Ed.2d 501 (1997).

### DECISION

The district court's indeterminate commitment of appellant to the Minnesota Sexual Psychopathic Personality Treatment Center as a sexual psychopathic personality and a sexually dangerous person is affirmed.

**Affirmed.**