745 So.2d 1009 (1999)
Roberto VALDEZ, John S. Smith, Amos Lee Gardner, and Ricky Rust, Petitioners,
v.
Michael W. MOORE, Secretary, Department of Corrections and Judge Kathleen A. Kearney, Secretary, Department of Children & Families, Respondents.
No. 99-1933.
District Court of Appeal of Florida, Fourth District.
September 30, 1999.
Rehearing Denied December 27, 1999.
*1010 Bob Dillinger, Public Defender, St. Petersburg, for petitioners.
Robert A. Butterworth, Attorney General, Tallahassee, and Richard L. Polin, Assistant Attorney General, Miami, for respondents.
KLEIN, J.
Petitioners have been convicted of sex crimes and have completed their sentences. They are being detained as sexually violent predators pursuant to the Jimmy Ryce Act, section 916.31, Florida Statutes (Supp.1998). We conditionally grant their petition for writ of habeas corpus because the lack of an adversarial hearing, to determine whether there is probable cause to detain them after the expiration of their sentences, violates their right to due process.
Petitioners' convictions occurred in the Sixth Circuit, and, after the circuit court for that circuit ordered their commitment pursuant to section 916.35, Florida Statutes, they filed this petition in the Florida Supreme Court. The Florida Supreme Court transferred the petition to the Second District Court of Appeal, which has appellate jurisdiction over the Sixth Circuit. Because petitioners are now confined in Martin County, over which this court has appellate jurisdiction, the second district transferred the petition to this *1011 court. The scope of our review of the orders of circuit court for the sixth circuit is limited to determining whether the order is "void or illegal." Alachua Reg'l Juvenile Detention Ctr. v. T.O., 684 So.2d 814 (Fla.1996).
Under the Act, which was renumbered in 1999, sections 394.910-394 .930, Ch. 99-222, Laws of Fla., persons who meet the definition of "sexually violent predator" can be confined after the expiration of their prison sentence. They are defined as persons who have been convicted of sexually violent offenses and who suffer from a condition which would make them likely to engage in acts of sexual violence if not confined. § 394.912(10).
The petitioners raise three challenges to their detention under the act: (1) that they are entitled to pre-trial release under bond; (2) that the act constitutes a denial of due process in that it has no requirement for an adversarial probable cause hearing within a reasonable time after their detention; and (3) that they are indigent and that there are no state funds available to fund their representation and expert witnesses as is provided for in sections 394.914-916.
Article I, section 14 of the Florida Constitution provides that except for certain offenses, "every person charged with a crime... shall be entitled to pretrial release on reasonable conditions." Petitioners are not entitled to release under this provision because they are not charged with a "crime." Nor is our general pretrial release statute, section 907.041, applicable, for the same reason.
We next address the lack of a probable cause hearing. Section 394 .913(3) provides that a team of psychiatrists or psychologists shall assess and recommend to the state attorney if a person about to be released is a sexually violent predator. Section 394.914 authorizes the state attorney, after receiving that assessment, to file a petition with the circuit court stating facts sufficient to support the allegation that the person is a sexually violent predator. Section 394.915(1) authorizes the court to determine, based on the petition, whether probable cause exists. The only provision for an adversarial probable cause hearing in the statute is found in section 394.915(2), which provides:
Upon the expiration of the incarcerative sentence and before the release from custody of a person whom the multidisciplinary team recommends for civil commitment, but after the state attorney files a petition under s. 394.914, the court may conduct an adversarial probable cause hearing if it determines such hearing is necessary. The court shall only consider whether to have an adversarial probable cause hearing in cases where the failure to begin a trial is not the result of any delay caused by the respondent.

Ch. 99-222, § 9, at 1380, Laws of Fla. (emphasis supplied).
The legislature, as the above quote reflects, has characterized the confinement under the Act as "civil." This is consistent with the Act having been amended in 1999, when it was renumbered and retitled as "Involuntary Civil Commitment of Sexually Violent Predators." Ch. 99-222, Laws of Fla. The fact that this is a civil proceeding, however, does not mean that the petitioners are not entitled to due process. Addington v. Texas, 441 U.S. 418, 425, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979) ("civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection.") In re Beverly, 342 So.2d 481 (Fla.1977) (a civil commitment to a mental institution cannot be accomplished without due process).
In Vitek v. Jones, 445 U.S. 480, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980), a statute authorized a prisoner who had not completed a sentence to be transferred from prison to a mental health facility upon the recommendation of a physician or psychologist, without affording the prisoner the opportunity to challenge a transfer. The Court *1012 held that the statute was unconstitutional as violating due process in that the prisoner had a protected liberty interest in not being transferred to a mental hospital while he was still serving his sentence. The Court concluded that due process required procedures similar to those which had been required by the Court in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), including an adversarial hearing before the transfer in which the prisoner would have the opportunity to be heard, present evidence, and cross-examine. Morrissey established minimum procedural due process protections required before parole can be revoked.
In State v. Madonna, 295 N.W.2d 356 (Minn.1980) the Minnesota Supreme Court analyzed the due process requirements for a preliminary hearing for civil statutes providing for involuntary commitment for mental illness and substance abuse and observed:
There is no consensus in the courts as to the maximum time limits between initial confinement and a probable cause hearing that will not violate due process. The tendency, however, has been to shorten the delay before a preliminary hearing, and, for example, certain courts have suggested that the maximum delay is 96-120 hours, or even as limited a period as 48 hours.
Id. at 365. The Minnesota Supreme Court adopted a time limit of seventy-two hours as a due process requirement.
The requirement of a probable cause hearing within seventy-two hours was adopted by the Minnesota legislature for its Sexual Psychopathic Personality and Sexually Dangerous Persons Acts, and the Minnesota Court of Appeals found that to be sufficient to satisfy due process in In Matter of Ayers, 570 N.W.2d 21 (Minn.Ct. App.1997). Washington, Kansas and Arizona have also adopted the seventy-two hour time limit in their sexual predator statutes. Ariz.Rev.Stat. § 36-3705; Kan. Stat. § 59-29a05(b); Wash.Rev.Code § 71.09.040. California requires the probable cause hearing to be held within ten days. Cal.Welf. & Inst.Code §§ 6601.5, 6602.
The state has centered its argument on the constitutional validity of the Act in general, repeatedly emphasizing that in the typical case the procedures in the act will be carried out while the person is still incarcerated pursuant to the criminal sentence, and accordingly the absence of a probable cause hearing would not violate due process. Although that does seem to have been how the legislature contemplated that the Act would work, and under those circumstances there would be no due process problem created by the lack of an adversarial probable cause hearing, the Act did not work that way for these petitioners. Nor has the state cited any authority which would justify detaining these petitioners, who have completed their sentences, beyond their release dates without an adversarial probable cause hearing.
We conclude that it constitutes a denial of due process to confine persons, who have already completed their sentences, without an adversarial probable cause hearing. Under these circumstances a probable cause hearing is "necessary," under section 394.915(2). We therefore grant the petition for writ of habeas corpus and order that the petitioners be released unless: (1) a probable cause hearing, conducted in accordance with section 394.915, Florida Statutes, is held within five days[1] of the date of this opinion, and (2) funds are immediately available for *1013 preparation of petitioners' defenses as is required by the Act.[2]
STEVENSON and SHAHOOD, JJ., concur.
NOTES
[1] We have selected five days because that is the period within which the legislature requires a probable cause hearing for civil commitment for treatment for mental illness. § 394.467(6)(a)1. The five day requirement for a hearing will not be extended by the filing of any motion directed to this opinion.
[2] In regard to the issue of funds for the petitioners to present defenses, the state has filed a recent response alleging that funds are available, but petitioners report that the public defender's office for the sixth circuit does not have the funds available.