757 So.2d 556 (2000)
STATE of Florida, Petitioner,
v.
James KOBEL, Respondent.
No. 4D00-0232.
District Court of Appeal of Florida, Fourth District.
April 26, 2000.
*557 Robert A. Butterworth, Attorney General, Tallahassee, and Margaret Brenan, Assistant Attorney General, Miami, for petitioner.
Alan H. Schreiber, Public Defender, and Diane M. Cuddihy, Chief Assistant Public Defender, Ft. Lauderdale, for respondent.
GROSS, J.
The petitioner, State of Florida, seeks a writ of certiorari quashing the lower court's order, which directed that the respondent, James Kobel, be released from the Martin County Treatment Center, where he was being held under the Jimmy Ryce Act (the "Act"), sections 394.910-394.930, Florida Statutes (1999). The trial court's order reasoned that there was a due process violation, because there had been no adversarial probable cause hearing within five days of the commencement of Kobel's civil detention under the Act, as is required by Valdez v. Moore, 745 So.2d 1009 (Fla. 4th DCA 1999).
We grant the petition and quash the lower court's order, because we find no due process violation in this case which, unlike Valdez, involved the immediate release *558 provisions of the Act, section 394.9135, Florida Statutes (1999).
On August 25, 1999, in Kobel v. State, 745 So.2d 979 (Fla. 4th DCA 1999) (en banc), this court affirmed Kobel's Broward County convictions for attempted indecent assault of a minor, but reversed his convictions for attempted procurement of a minor for prostitution. On a motion for clarification, we directed that on remand, Kobel's sentence for the attempted procurement conviction be reduced to solicitation, a second degree misdemeanor, and that Kobel be resentenced for the attempted indecent assault conviction upon recalculation of his scoresheet. See id. at 983.
As a result of that decision, the lower court conducted a resentencing hearing on January 6, 2000. The court sentenced Kobel, who was not present at the hearing, to time served and ordered his immediate release from prison.
Pursuant to the immediate release provision of the Act, section 394.9135, Kobel was transferred from prison to the Martin County Treatment Center for evaluation by the multidisciplinary team ("the team") to determine whether he should be committed as a sexually violent predator under the Act.
On Tuesday, January 11, 2000, the team recommended Kobel's commitment. The same day, the state attorney filed a petition to have him committed under the Act. Also that day, Judge Leroy Moe conducted an ex parte probable cause hearing and determined that there was probable cause to believe that Kobel qualified for commitment. Judge Moe ordered that Kobel remain in the custody of the Department of Children and Family Services ("DCFS"), which has jurisdiction over Ryce Act commitments, and be transferred to a secure facility. The judge set a hearing for January 19, 2000 for "Determination of Counsel and/or Indigency" at which the public defender was to appear.
On January 19, 2000, Judge Thomas Lynch held a hearing at which assistant public defender Diane Cuddihy appeared along with Kobel and an assistant state attorney. She advised that the public defender's office had contracted with private counsel, Warner Olds, to represent Kobel in the Ryce Act proceedings. Cuddihy requested that the court schedule an adversarial probable cause hearing subject to Mr. Olds's availability.[1]
Judge Lynch noted this court's recent decision in Valdez, which held that a person who is confined after completion of his criminal sentence without an adversarial probable cause hearing is denied due process. This court directed that the petitioners in that case be afforded an adversarial probable cause hearing within five days of the date of the Valdez opinion. See 745 So.2d at 1012. Judge Lynch inquired as to "the five-day time frame" for holding an adversarial probable cause hearing. The assistant state attorney responded that there was some confusion as to whether the five-day period "was [to run] five days from the end of the incarceration or [from] the petition being filed." Judge Lynch commented that if Valdez required an adversarial hearing to be held within five days from the expiration of the sentence, "I don't see how any court could comply with that." The prosecutor indicated that the state was "ready to go" with the adversarial probable cause hearing. The parties *559 then discussed the appointment of experts, and the hearing concluded.
On January 20, 2000, attorney Olds, on Kobel's behalf, filed an emergency motion for release from custody on the ground that Kobel had not been afforded an adversarial probable cause hearing within five days from his prison release date.
On January 25, 2000, Judge Lynch held a hearing on the emergency motion. Kobel argued that under Valdez, whether the five days for an adversarial hearing runs from an inmate's release from criminal incarceration or from the filing of the civil commitment petition, Kobel was entitled to release; the five days had expired under either scenario. Kobel maintained that under Valdez, the running of the five-day period is not triggered by a request for an adversarial hearing. Kobel argued that there must be an adversarial hearing within five days of a prisoner's civil confinement under the Act and that the clock for the five-day time limit begins to tick on the date when the criminal sentence expires and the civil confinement begins.
In a written order, Judge Lynch concluded that, in violation of Valdez, Kobel had not been afforded an adversarial probable cause hearing within five days of his confinement at Martin County Treatment Center, and that he was therefore entitled to immediate release. The order noted that Kobel had been detained for 19 days beyond the expiration of his sentence without an adversarial hearing. The court ruled:
It is a denial of due process to civilly detain individuals that have completed their sentences, unless there is an adversarial probable cause hearing within 5 days of the civil commitment.
The court released Kobel pending an adversarial probable cause hearing set for February 4, 2000. The state sought certiorari review of this order.
This court stayed that portion of Judge Lynch's order requiring Kobel's release and issued an order to show cause why the petition for certiorari should not be granted. After the filing of a response and reply, to maintain the status quo, we ordered that the stay would remain in effect, provided that the scheduled adversarial hearing took place on February 4, 2000. The parties were directed to notify this court immediately if that hearing did not occur. The hearing apparently was held as scheduled, since neither party has advised this court otherwise.
We decline to dismiss the petition as moot since the issue raised is one that is capable of repetition yet may evade review, and because the case presents an important issue as to which the trial courts and parties are in need of guidance.
The state has demonstrated that type of irreparable harm not remediable on appeal so as to warrant this court's certiorari review. See State v. Pettis, 520 So.2d 250, 252 (Fla.1988). The main purpose of the Act is to prevent "sexually violent predators" from being released from incarceration directly into the general population. See §§ 394.910, 394.911, Fla. Stat. (1999). After the filing of the petition, Judge Moe made an ex parte determination, based on the recommendation of the team, that there was probable cause to believe that Kobel qualified as a sexually violent predator under the statute. There was no procedural mechanism for the state to appeal Judge Lynch's order directing release.
The state argues that Judge Lynch departed from the essential requirements of law in ordering Kobel released until an adversarial hearing could be held, because Valdez did not compel that result.
In Valdez, three Ryce Act respondents filed habeas corpus petitions in which they argued, inter alia, that the state's failure to hold an adversarial probable cause hearing for a period of approximately nine months violated their right to due process. See 745 So.2d at 1011. At the time they filed their petitions, the Ryce Act was codified at Chapter 916, Florida Statutes *560 (Supp.1998). While the petitions were pending before this court, however, the Act was amended and renumbered at Chapter 394, Florida Statutes. See Ch. 99-222, Laws of Fla. The Valdez opinion construes the revised Ryce Act, which provides, inter alia:
394.915 Determination of probable cause; hearing; evaluation; respondent taken into custody; bail.
(1) When the state attorney files a petition seeking to have a person declared a sexually violent predator, the judge shall determine whether probable cause exists to believe that the person named in the petition is a sexually violent predator. If the judge determines that there is probable cause to believe that the person is a sexually violent predator, the judge shall order that the person remain in custody and be immediately transferred to an appropriate secure facility if the person's incarcerative sentence expires.
(2) Upon the expiration of the incarcerative sentence and before the release from custody of a person whom the multidisciplinary team recommends for civil commitment, but after the state attorney files a petition under s. 394.914, the court may conduct an adversarial probable cause hearing if it determines such hearing is necessary. The court shall only consider whether to have an adversarial probable cause hearing in cases where the failure to begin a trial is not the result of any delay caused by the respondent. The person shall be provided with notice of, and an opportunity to appear in person at, an adversarial hearing. At this hearing, the judge shall:
(a) Receive evidence and hear argument from the person and the state attorney; and
(b) Determine whether probable cause exists to believe that the person is a sexually violent predator.
(3) At the adversarial probable cause hearing, the person has the right to:
(a) Be represented by counsel;
(b) Present evidence;
(c) Cross-examine any witnesses who testify against the person; and
(d) View and copy all petitions and reports in the court file.
(4) If the court again concludes that there is probable cause to believe that the person is a sexually violent predator, the court shall order that the person be held in an appropriate secure facility upon the expiration of his or her incarcerative sentence.
(5) After a court finds probable cause to believe that the person is a sexually violent predator, the person must be held in custody in a secure facility without opportunity for pretrial release or release during the trial proceedings.
§ 394.915, Fla. Stat. (1999).[2]
In Valdez, this court noted that the state, in defending the constitutionality of the Act:
repeatedly emphasiz[ed] that in the typical case the procedures in the act will be carried out while the person is still incarcerated pursuant to the criminal sentence, and accordingly the absence of a probable cause hearing would not violate due process. Although that does seem to have been how the legislature contemplated that the Act would work, and under those circumstances there would be no due process problem created by the lack of an adversarial probable cause hearing, the Act did not work that way for these petitioners. Nor has the state cited any authority which would justify detaining these petitioners, who have *561 completed their sentences, beyond their release dates without an adversarial probable cause hearing.
745 So.2d at 1012.
Accordingly, this court held that "it constitutes a denial of due process to confine persons, who have already completed their sentences, without an adversarial probable cause hearing." Id. In that situation, a probable cause hearing is "necessary" under § 394.915(2). Id. Because the petitioners had not been afforded an adversarial probable cause hearing, the court granted the petition for writ of habeas corpus and ordered that the petitioners be released unless an adversarial probable cause hearing was conducted within five days of the date of the opinion. See id.
The court borrowed the five-day period from the Baker Act, where a probable cause hearing must be held within five days after a person is civilly confined for treatment of mental illness. Id. at n. 1 (citing § 394.467(6)(a)1., Fla. Stat.) (stating that court shall hold the hearing on involuntary placement within 5 days, unless a continuance is granted).[3]
Read narrowly, Valdez simply directed that the Ryce Act respondents in that case were entitled to an adversarial probable cause hearing within five days of the date of the opinion. In Meadows v. Krischer, 24 Fla. L. Weekly D2576, D2577 n. 4, ___ So.2d ___, ___ n.4, 1999 WL 1037986 (Fla. 4th DCA Nov. 17, 1999), we interpreted Valdez to hold that an adversarial hearing "must be held within five days upon request." (Emphasis added). This was consistent with the concern of the Meadows panel that counsel be appointed for a Ryce Act respondent as early as possible.
In the typical situation contemplated by the statute, the state attorney will file a petition well before the expiration of an incarcerative sentence. Under section 394.915(1), the trial judge makes an ex parte probable cause determination after the state attorney files a petition seeking to have a person declared a sexually violent predator. The Ryce Act trial on the merits must be set within 30 days after the determination of probable cause. See § 394.916(1), Fla. Stat. (1999). A Ryce Act respondent might choose to forego an adversarial probable cause hearing and insist on a trial on the merits as early as possible. Requiring that an adversarial probable cause hearing be held within five days after a request for one places that decision in the hands of the party best equipped to decide whether or not to exercise that right.
Valdez and Meadows did not discuss how the five-day rule would apply under the "immediate release" provision of the Ryce Act,[4] which states:
394.9135 Immediate releases from total confinement; transfer of person to department; time limitations on assessment, notification, and filing petition to hold in custody; filing petition after release.

*562 (1) If the anticipated release from total confinement of a person who has been, convicted of a sexually violent offense becomes immediate for any reason, the agency with jurisdiction shall upon immediate release from total confinement transfer that person to the custody of [DCFS] to be held in an appropriate secure facility.
(2) Within 72 hours after transfer, the multidisciplinary team shall assess whether the person meets the definition of a sexually violent predator. If the... team determines that the person does not meet the definition of a sexually violent predator, that person shall be immediately released. If the ... team determines that the person meets the definition of a sexually violent predator, the team shall provide the state attorney, as designated by s. 394.913, with its written assessment and recommendation within the 72-hour period or, if the 72-hour period ends on a weekend or holiday, within the next working day thereafter.
(3) Within 48 hours after receipt of the written assessment and recommendation from the ... team, the state attorney, as designated in s. 394.913, may file a petition with the circuit court alleging that the person is a sexually violent predator and stating facts sufficient to support such allegation. If a petition is not filed within 48 hours after receipt of the written assessment and recommendation by the state attorney, the person shall be immediately released. If a petition is filed pursuant to this section and the judge determines that there is probable cause to believe that the person is a sexually violent predator, the judge shall order the person be maintained in custody and held in an appropriate secure facility for further proceedings in accordance with this part.
(4) The provisions of this section are not jurisdictional, and failure to comply with the time limitations, which results in the release of a person who has been convicted of a sexually violent offense, is not dispositive of the case and does not prevent the state attorney from proceeding against a person otherwise subject to the provisions of this part.
§ 394.9135, Fla. Stat. (1999).[5]
Since the state was proceeding under section 394.9135, the lower court departed from the essential requirements of law in construing Valdez to require an adversarial hearing to be held within five days of the expiration of Kobel's criminal sentence. Under section 394.9135(2), during the first three days after the expiration of a criminal sentence, the team may still assess the Ryce Act respondent to determine whether he qualifies for civil commitment. If the team recommends commitment, the state attorney has 48 hours to file a petition seeking commitment. See § 394.9135(3), Fla. Stat. (1999). If no petition is filed, the detainee "shall be immediately released." Id. If a petition is filed, and a judge "determines that there is probable cause to believe" that the detainee is a sexually violent predator, the judge "shall order" continued detention. Id.
Under the immediate release provisions of section 394.9135, it is not feasible to require that an adversarial hearing be held no later than the fifth day after release from criminal incarceration, when the State has until the fifth day to file the petition. To hold that the Valdez five-day period runs from expiration of the sentence, in the context of an immediate release scenario, would require the circuit court to hold an adversarial hearing on the very same day that the State files its petition (assuming it took three days for the team to make its assessment and recommendation and two days for the State to decide whether to file). Yet at that point, *563 there may not even be an attorney for the Ryce Act respondent.
It is difficult to see how an adversarial probable cause hearing will be meaningful if a Ryce Act respondent has no attorney prepared to litigate that issue. Section 394.915(3) provides that a Ryce Act respondent is entitled to be represented by counsel at the adversarial probable cause hearing. See also § 394.916(3), Fla. Stat. (stating that a Ryce Act respondent is entitled to counsel "[a]t all adversarial proceedings"). Section 394.915(2) further states that the respondent "shall be provided with notice of, and an opportunity to appear in person at, an adversarial hearing." Yet there is no time frame within which counsel must be appointed for Ryce Act proceedings under section 394.9135, either by statute or by case law.
For the foregoing reasons, we hold that in an immediate release situation under section 394.9135, Valdez's five-day period for holding an adversarial probable cause hearing begins to run from the date upon which a request for a hearing is made. Section 394.9135(3) contemplates that a judge will make an ex parte probable cause determination immediately after the state attorney's filing of a petition. We further hold that if the judge finds probable cause, the judge must also appoint an attorney for the respondent, if he is not already represented by counsel. See Meadows, 24 Fla. L. Weekly at D2577 n. 5, ___ So.2d at ___ n. 5, (citing section 394.467(4), Florida Statutes). Pursuant to Meadows, the state must serve a copy of the petition and the orders emanating from the ex parte probable cause determination on both the respondent and the appointed attorney. See id. at D2577, ___ So.2d at ___.
In light of the foregoing, the lower court departed from the essential requirements of law in ordering Kobel released. On January 11, 2000, the same day as the petition was filed, Judge Moe found probable cause to believe that Kobel qualified for commitment. Once that finding was made, the judge was required to order that Kobel "be maintained in custody and held in an appropriate secure facility for further proceedings in accordance" with the Act, Part V of Chapter 394, Florida Statutes (1999). § 394.9135(3), Fla. Stat. (1999). No adversarial probable cause hearing was requested until January 19, 2000, when assistant public defender Cuddihy requested that one be set, subject to attorney Olds's availability. Even then, there was not a request that the hearing be set within five days. On January 20, 2000, when attorney Olds first appeared and moved for Kobel's immediate release, the motion was premature. Five days had not yet expired from the request for a hearing. The state had announced, moreover, that it was "ready to go" with the adversarial probable cause hearing on January 19, 2000.
This case demonstrates the difficulty courts have had in fashioning procedures on a case by case basis to implement the Act. As observed in Meadows, this case
underscore[s] the need for the Florida Supreme Court to appoint an appropriate committee to fashion comprehensive procedural rules for the implementation of substantive requirements of the Jimmy Ryce Act for those situations where the application of the Rules of Civil Procedure would be impracticable and where the statute is silent as to procedure.
24 Fla. L. Weekly at D2577 n. 4, ___ So.2d at ___ n. 4. Accord Sjuts v. State, 754 So.2d 781 (Fla. 2d DCA 2000).
The petition for certiorari is granted and the trial court's order of January 27, 2000 ordering the petitioner's immediate release is quashed.
KLEIN and SHAHOOD, JJ., concur.
NOTES
[1] The assistant public defender, with Kobel's consent, waived the 30-day deadline for holding the civil commitment trial. She also moved ore tenus for Kobel's release on the ground that no commitment petition had been filed by the state prior to expiration of Kobel's prison sentence. The state responded that Kobel had been detained under the immediate release provision of the Ryce Act, which allows the Department of Children and Family Services to hold an individual for 72 hours and then make a recommendation regarding eligibility for commitment, and which then requires the state attorney to file a petition in the circuit court within 48 hours thereafter. Judge Lynch denied Kobel's motion. That ruling is not at issue in this certiorari proceeding.
[2] Under the prior version of the Ryce Act, section 916.35(2), Florida Statutes (Supp. 1998), only the state attorney had the right to petition for an adversarial probable cause hearing. Under the current version of the Ryce Act, presumably either the state or the Ryce Act respondent can request such a hearing, though the revised statute merely states that the court may hold such a hearing if it determines that one is necessary. See § 394.915(2), Fla. Stat. (1999).
[3] While the provisions of the Baker Act were expressly made inapplicable to the Ryce Act, see § 394.911, Fla. Stat. (1999) (providing that persons to be committed as sexually violent predators are not subject to the provisions of Part I governing Baker Act commitments), this court nevertheless found the Baker Act procedures helpful in identifying an acceptable time frame between initial civil confinement and the adversarial probable cause hearing.
[4] The petition in Meadows v. Krischer, 24 Fla. L. Weekly D2576, ___ So.2d ___, 1999 WL 1037986 (Fla. 4th DCA Nov.17, 1999), was filed under section 394.9135, the day prior to Meadows's release date from prison. However, Meadows did not involve the timing of an adversarial probable cause hearing. When the Ryce Act respondents in Valdez v. Moore, 745 So.2d 1009 (Fla. 4th DCA 1999), were civilly detained, the state was operating under a different statutory scheme, which did not contain any provision for the evaluation of inmates whom the state learned were to be immediately released from incarceration. See §§ 916.31-916.40, Fla. Stat. (Supp.1998). Thus, while we did ultimately construe the amended Ryce Act in Valdez, sections 394.910-394.931, Florida Statutes (1999), the effect of the immediate release provision was not before the court.
[5] "`Total confinement' means that the person is currently being held in any physically secure facility being operated ... for the Department of Corrections, the Department of Juvenile Justice, or [DCFS]...." § 394.912(11), Fla. Stat. (1999).