763 So.2d 1087 (1999)
Hershel MEADOWS, Petitioner,
v.
Barry KRISCHER, State Attorney, 15th Judicial Circuit, for the State of Florida; and Michael W. Moore, Secretary, Department of Corrections, and Judge Kathleen A. Kearney, Secretary, Department of Children and Families, Respondents.
No. 99-3295.
District Court of Appeal of Florida, Fourth District.
November 17, 1999.
Rehearing Denied January 12, 2000.
*1088 Richard L. Jorandby, Public Defender, and Kenneth N. Johnson, Assistant Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Richard L. Polin, Assistant Attorney General, Miami, for respondents.
STEVENSON, J.
Petitioner/Ryce Act respondent, Hershel Meadows, a convicted sex offender whose prison sentence has expired, seeks release from custody and raises several challenges on jurisdictional grounds to the custodial warrant and proceedings filed against him under the Jimmy Ryce Act. See §§ 394.910-931, Fla. Stat. (1999). For the reasons stated below, Meadows' challenges lack merit, and we deny the petition for "writ of habeas corpus and/or writ of prohibition."
*1089 Meadows' criminal sentence expired on August 27, 1999. On August 26, prior to Meadows' release date, the State filed a petition for a probable cause determination that Meadows qualified for continued detention pending a trial to determine whether he should be committed to a secure facility for long-term treatment as a sexually violent predator. See § 394.9135(3). On the same day, August 26, the "duty" circuit judge entered a warrant finding probable cause and ordered Meadows' custodial detention at the Martin County Treatment Center "pending further proceedings." The warrant for custodial detention was served on Meadows by the DOC on August 27. On September 2, 1999, petitioner was provided with a copy of the State's notice to seek involuntary commitment and a copy of a four-page petition for probable cause.
The next event which appears from the record is a September 23 order to return petitioner to court on September 24 for the appointment of counsel and a "trial."[1] The State sought a continuance at that hearing and the cause was then set for a status check on Monday, September 27 (this was the last day of the thirty-day period for trial).[2] At the September 27 hearing, the court continued the trial until October 4, 1999. It appears from the transcript of the hearing that the trial court continued the case based on the State's motion and to accommodate the court's own pressing calendar and the need for the court and the parties to review the procedures that would be used in the upcoming trialthe first trial of its kind to be held in the county under the new and somewhat confusing statutes. Jury selection procedures and verdict forms were discussed later that day after the case was continued. The case was set for a jury instruction conference on September 30, with the trial date set for Monday, October 4. Subsequently, petitioner filed motions to dismiss based on the failure to hold trial within thirty days, and the State's alleged failure to issue a summons and to allege in its petition personal jurisdiction over petitioner. The trial court denied the motions to dismiss, this appeal followed, and the trial was subsequently stayed.
Initially, petitioner argues that he is entitled to release since he was not brought to trial within the applicable thirty-day period. We must reject this argument. We find that even if, as petitioner argues, the legislature intended that the thirty-day time period for trial be jurisdictional, the statute itself allows for an extension of that period and continuances under certain circumstances.[3] Section 394.916 provides:
(1) Within 30 days after the determination of probable cause, the court shall conduct a trial to determine whether the person is a sexually violent predator.
(2) The trial may be continued upon the request of either party and a showing of good cause, or by the court on its own motion in the interests of justice, when the person will not be substantially prejudiced.
The record reflects that the State made its motion for continuance prior to expiration of the thirty-day time period. We find that administrative misrouting of the *1090 file (the file had initially gone to the wrong criminal division in which other Ryce Act cases were pending on a constitutional question and was not sent to the correct judge until September 22) and the necessity to allow the parties, and the judge, to establish the trial procedures and jury instructions for the trial constitutes an adequate showing of good cause for the brief continuance ordered here and that the continuance was in the interests of justice. Petitioner did not establish any substantial prejudice arising from the continuance.
Likewise, we find little merit in petitioner's claim that the State failed to sufficiently allege personal jurisdiction in the petition. Petitioner does not indicate exactly how the State's petition was insufficient to establish the court's personal jurisdiction over him. Civil Rule of Procedure 1.110(b)(1) requires a "short and plain statement of the grounds upon which the court's jurisdiction depends." The petition alleged that Meadows was then incarcerated in the Florida DOC, that he had been convicted of the violent sexual offense of attempted capital sexual battery, and that he had a mental abnormality or personality disorder that rendered him likely to engage in acts of sexual violence if not confined for long-term control, care and treatment. Those allegations meet the prerequisites of the statute and would certainly demonstrate petitioner's minimum contacts with Florida such that exercise of personal jurisdiction for these proceedings is proper. See §§ 394.912(9)-(11), 394.914 (stating that the probable cause petition must allege that the respondent is a violent sexual predator, is in Florida confinement, and is likely to re-offend if released).
The second aspect of Meadows' challenge to the petition concerns the State's failure to include a copy of the attachments which had been provided to the trial judge with the petition for probable cause. Those attachments, which included the assessment and recommendation of the multidisciplinary team, were subsequently provided to Meadows' counsel. The multidisciplinary team evaluates the respondent and his criminal history, and makes a written assessment and recommendation as to whether the respondent meets the definition of a sexually violent predator. The Department of Children and Family Services then provides the recommendation to the state attorney for the possible filing of a commitment petition. See §§ 394.913(3)(e), 394.9135(3). The multidisciplinary team must include two licensed psychiatrists or psychologists, or one of each. See § 394.913(3)(b).
We find that the petition, even without the attachments, satisfied Civil Rule of Procedure 1.110(b)(2), which provides that a civil complaint or petition must contain "a short and plain statement of the ultimate facts showing that the pleader is entitled to relief." True, the assessment of the multidisciplinary team, which included the individual reports of the mental health professionals, served as the basis for the State's petition. Yet, unlike a contract, note or other document upon which a cause of action is based and which must be attached to the pleading, there is no requirement in the Civil Rules of Procedure which would generally require supporting evidentiary documents, such as the multidisciplinary report, to be attached to the petition. See Fla. R. Civ. P. 1.130(a). Nevertheless, because of the thirty-day time period for trial, obtaining this evidence through ordinary discovery mechanisms under the Rules of Civil Procedure would not be practicable. Therefore, we hold that in cases filed under the Ryce Act, the report of the multidisciplinary team must be served by the State within 48 hours of a request by the respondent or counsel.[4]
Meadows also argues that he should have been served with a regular *1091 civil summons since the Act provides that "the Florida Rules of Civil Procedure apply unless otherwise specified in this part." § 394.9155(1). We can read no requirement in the statute that a standard civil summons be issued in Ryce Act cases. The Act requires that the State file its petition in circuit court alleging that the person is a sexually violent predator and requires the court to enter a probable cause order whenever it determines that the person named in the petition should remain in custody after a petition has been filed. See §§ 394.913(c), 394.915(1)-(2). The petition for probable cause determination may be obtained ex parte, but must be served on the respondent, a necessary party to the action. Of course, the warrant for custody must also be served on the respondent as a party to the action.
Where service of the petition and the warrant finding probable cause is made, a standard civil summons would be unnecessary, especially since this is not a standard civil case. The Baker Act, which is similar to the Ryce Act, does not require service of a summons, but merely requires that the clerk provide the person with a copy of the commitment petition. See § 394.467, Fla. Stat. (1999). The purpose of process is to notify the defendant of the proceeding against him and the need to respond, and to observe the court's jurisdiction over the case. See Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); see also Conde v. Professional Mediquip of Fla., Inc., 436 So.2d 322, 323 (Fla. 4th DCA 1983)(noting that the object of service of process is to give notice of the upcoming proceeding and an opportunity to defend against it). The Ryce Act defendant is given notice of the upcoming proceedings via the petition and the probable cause order. Further, the court's issuance and service of the warrant is sufficient to observe the court's assertion of jurisdiction over the matter. Here, the petition, warrant and notice of intent to seek Ryce Act commitment were timely provided to petitioner, and the procedures adhered to were sufficient to meet due process requirements.
Finally, we find no impropriety in the trial judge's order granting the State's ore tenus motion made in open court to require petitioner to give fingerprints for the State's expert's use. In the context of a Ryce Act proceeding, ordinary discovery mechanisms would not allow this information to be obtained in a timely manner. Accordingly, the petition for writ of habeas corpus/prohibition is denied.[5]
WARNER, C.J., and HAZOURI, J., concur.
NOTES
[1] The Ryce Act respondent is entitled to the assistance of counsel and, if indigent, appointment of the public defender. In addition, either the State or the respondent may demand trial by jury. See § 394.916(3), (5).
[2] The Ryce Act respondent is entitled to a trial within thirty days after the determination of probable cause. See § 394.916(1). The actual thirtieth day from the probable cause determination in this case fell on a Sunday.
[3] This case is readily distinguishable from In re Brown, 26 Kan.App.2d 117, 978 P.2d 300 (1999), on which petitioner relies and which found that the 60-day limit for trial in a similar violent-sexual-predator statute was jurisdictional. The court there noted that no trial was held within the 60-day period and despite a statutory mechanism for the granting of continuances, "[n]either the court nor the parties ... filed a motion for continuance of trial." Id. at 303.
[4] The questions addressed in this case, as well as the issues resolved in Valdez v. Moore, 745 So.2d 1009, 1012 (Fla. 4th DCA 1999)(holding that an adversarial probable cause hearing must be held within five days upon request), underscore the need for the Florida Supreme Court to appoint an appropriate committee to fashion comprehensive procedural rules for the implementation of substantive requirements of the Jimmy Ryce Act for those situations where the application of the Rules of Civil Procedure would be impracticable and where the statute is silent as to procedure.
[5] We are concerned about the late appointment of counsel in this case since petitioner was held under the Ryce Act for nearly three weeks before he was appointed counsel. We hold that at a minimum, a Ryce Act respondent should be advised of the right to appointed counsel when served with the order or warrant for custodial detention. This could be accomplished within the warrant itself or be separate document served by the court. By way of analogy, the Baker Act requires that within one working day after the filing of a petition for involuntary commitment, the court must appoint the public defender, unless the respondent is otherwise represented by counsel. See § 394.467(4).