766 So.2d 1061 (2000)
George AMADOR, Petitioner,
v.
STATE of Florida, Michael W. Moore, Secretary, Department of Corrections, and Kathleen Kearney, Department of Children and Families, Respondents.
No. 99-4217.
District Court of Appeal of Florida, Fourth District.
January 26, 2000.
Robert R. Jacobs, II, Public Defender, and Richard Sullivan, Assistant Public Defender, Naples, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Jennifer R. Haymes, Assistant Attorney General, Tampa, for respondents.

ORDER TRANSFERRING PETITION FOR WRIT OF HABEAS CORPUS TO SECOND DISTRICT COURT OF APPEAL
KLEIN, J.
Petitioner, who seeks a writ of habeas corpus, was convicted of sexual offenses in Collier County.[1] Before his release date the state sought to have him committed under sections 394.910 394.931, Florida Statutes (1999), entitled "Involuntary Civil Commitment of Sexually Violent Predators," also known as the *1062 Jimmy Ryce Act. The trial court found probable cause to detain petitioner after his completion of his prison sentences, and he is presently detained under the Act in Martin County. The ground of his petition is that he has been denied a speedy trial under the Act, which provides that the court shall conduct the trial within thirty days after the probable cause determination. Section 394.916(1).
Although petitioner is now detained in Martin County, which is within this court's appellate jurisdiction, the petition is directed to an order of a circuit court judge in Collier County who denied petitioner's motion for discharge. Collier County is within the appellate jurisdiction of the Second District Court of Appeal. The state correctly points out that our jurisdiction, under these circumstances, is very limited. The scope of our inquiry is limited to whether the court outside our territorial jurisdiction was without jurisdiction to do so or whether the order is "void or illegal." Alachua Reg'l Juvenile Detention Ctr. v. T.O., 684 So.2d 814 (Fla.1996). We cannot review an order of such a court where the order is "merely defective, irregular, or insufficient in form or substance." Id. at 816.
Considering that this is not a criminal proceeding, but rather a "civil commitment procedure for the long-term care and treatment of sexually violent predators," section 394.910, we conclude that the Collier County judge's order refusing to discharge petitioner for a violation of his right to a speedy trial is not a void or illegal order over which we are authorized to exercise habeas corpus review. T.O.[2] We therefore transfer the case, as the state contends we should, to the Second District Court of Appeal. Fla.R.App.P. 9.040(b).
STONE and HAZOURI, JJ., concur.
NOTES
[1] In his petition, petitioner named as additional parties the circuit judge and the assistant state attorney as respondents. We have deleted them as parties because the proper respondent in a habeas corpus proceeding is the party having actual custody and who can physically produce the petitioner. Alachua Reg'l Juvenile Detention Ctr. v. T.O., 684 So.2d 814 (Fla.1996). The state alleges that the Department of Children and Families is in charge of the detention of petitioner, although the physical facility appears to be in the South Bay Correctional Institution, which is operated by the Department of Corrections.
[2] In Valdez v. Moore, 745 So.2d 1009 (Fla. 4th DCA 1999), we granted habeas corpus review of orders of a circuit judge in Pinellas County, which is within the appellate jurisdiction of the Second District Court of Appeal, because in those cases petitioners were being denied due process, and the orders were thus void or illegal. Valdez is thus distinguishable from the present case. In Meadows v. Krischer, 763 So.2d 1087 (Fla. 4th DCA 1999), we denied a petition for habeas corpus filed by a sex offender being detained under the Jimmy Ryce Act who was raising the same type of speedy trial claim as is being raised in the present case. We held that the failure to bring petitioner to trial within thirty days did not entitle him to be released. Meadows is distinguishable from the present case in that the order we were reviewing in Meadows was entered by a circuit judge in Palm Beach County, which is within our appellate jurisdiction.