PER CURIAM.
Dale Sjuts seeks a writ of cer-tiorari to quash a circuit court order compelling him to answer certain discovery requests propounded by the State in a proceeding under the Involuntary Civil Commitment of Sexually Violent Predators Act.[1] Sjuts bases his objections on section 90.410, Florida Statutes (1997), providing that nolo contendere pleas are not admissible into evidence, and section 985.05, Florida Statutes (1997), providing that court records of juvenile delinquency proceedings are not admissible into evi *733 dence. We deny Sjuts’ petition because neither statute provides a ground for refusing to answer questions during discovery. See Fla.R.Civ.P. 1.280(b) (providing that “parties may obtain discovery regarding any matter, not privileged, that is revelant to the subject matter of the pending action.. .’’and that “it is not ground for objection that the information sought will be inadmissible at trial....”). We make no comment regarding the admissibility of any of this evidence at trial. We also decline to address Sjuts; unpre-served constitutional challenges.
Petition for writ of certiorari denied.
ALTENBERND, A.C.J., and NORTHCUTT and CASANUEVA, JJ., concur.

. At the time relevant to these proceedings, the Act appeared at sections 916.31 — 916.49, Florida Statutes (1998). It has since been amended and renumbered as sections 394.910 — 394.931, Florida Statutes (1999).