754 So.2d 781 (2000)
Dale Edward SJUTS, Petitioner,
v.
STATE of Florida, Respondent.
Nos. 2D99-2093, 2D99-2095.
District Court of Appeal of Florida, Second District.
March 22, 2000.
*782 James Marion Moorman, Public Defender and Deborah K. Bruckheimer, Assistant Public Defender, Bartow, for Petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Richard L. Pollin, Assistant Attorney General, Miami for Respondent.
PER CURIAM.
Dale Edward Sjuts is currently being detained pursuant to the Involuntary Commitment of Sexual Predators Act[1] awaiting trial to determine whether he is a sexually violent predator as defined by that Act. See §§ 916.31-916.49, Fla. Stat. (Supp.1998).[2] He petitions this court for a writ of certiorari quashing the trial court's orders which denied his motion to compel the State to answer certain interrogatories and granted the State a protective order.[3] We deny the petition but write to express our concern that the current Florida Rules of Civil Procedure are inadequate to govern discovery in this unique situation.
The Act in effect at the time that the petition for commitment was filed against Sjuts did not make any provision regarding how discovery was to proceed. The Act provided only that it was the legislature's intent to create a civil commitment proceeding thus suggesting that the rules of civil procedure would apply. The Act has since been amended to expressly provide this. See § 394.9155, Fla. Stat. (1999). Nonetheless, as demonstrated by Sjuts' predicament, the civil rules were not designed to govern discovery in cases in which the State, appearing as the State, rather than as a named state agency, is a party.
The rules of civil procedure provide for certain discovery tools that may be used only by one party on another party. See, e.g., Fla. R. Civ. P. 1.340 (interrogatories to parties); Fla. R. Civ. P. 1.350 (production of documents); Fla. R. Civ. P. 1.370 (requests for admissions). Discovery from nonparties must be had by deposition or subpoena duces tecum. See, e.g., Fla. R. Civ. P. 1.310 and 1.320.
The State availed itself of the available discovery tools, serving Sjuts with interrogatories and requests for admissions, and deposing Sjuts. As a party, Sjuts was compelled to answer the interrogatories and requests for admissions as well as the deposition questions.[4] Sjuts then attempted to use these same methods of discovery in order to gain information from the State *783 about the multidisciplinary team,[5] upon whose recommendation the state attorney initiated these commitment proceedings. Specifically, Sjuts served interrogatories and notices to produce on the State and attempted to depose the State.
The State responded through an assistant state attorney who asserted that he was unable to answer most of the questions due to a lack of knowledge and that he was unable to produce the requested documents because the state attorney's office did not have actual possession of them. The State also moved for a protective order to prevent the deposition from occurring. The State asserted that Sjuts should seek the information from the Department of Children and Family Services as the state agency responsible for creating the multidisciplinary team or directly from the members of the multidisciplinary team, who are not parties to the proceeding. The trial court denied Sjuts' motion to compel complete answers and production of the documents, and granted the State's motion for a protective order. The instant petition followed.
Certiorari review of such an interlocutory order is only available upon a showing that the order departs from the essential requirements of the law, causing material injury throughout the remainder of the proceedings below effectively leaving no adequate remedy on appeal. See Allstate Ins. Co. v. Langston, 655 So.2d 91 (Fla.1995). Thus, orders such as these which deny discovery are generally not reviewable by certiorari because they can be remedied on appeal. See State Farm Mutual Auto. Ins. Co. v. Peters, 611 So.2d 597 (Fla. 2d DCA 1993). This is especially true where, as here, the material sought is available through alternate means. The fact that the alternate method of obtaining the information may result in increased expense and delay is not alone sufficient to support issuance of a writ of certiorari. See, e.g., Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646 (Fla. 2d DCA 1995).
Sjuts concedes that the only irreparable harm that he suffers in this case is the increased expense and delay of seeking discovery through other channels and from other sources, but urges this court to make an exception to the general rule because of the unique circumstances confronting him and other individuals facing such commitment proceedings. We are not unsympathetic to Sjuts' predicament. Pursuant to the Act, he is being detained without any possibility of release while he awaits trial.[6] Any delay is necessarily more burdensome for him than for a typical civil litigant. He and others like him are also more burdened by the added expense because most if not all are indigent and represented by a financially overburdened public defender's office. Nonetheless, we decline at this time to carve out an exception to the general rule.
Even if we were to determine that the unique circumstances of this case did confer *784 certiorari jurisdiction on this court, we cannot say that the trial court departed from the essential requirements of the law. As both parties concede, there is no Florida case law addressing the discovery issues that arise when "the State," rather than a named state agency, appears as a party in a civil action. Moreover, the rules of civil procedure as they currently exist simply are not adequate to answer these questions. Therefore, we cannot conclude that the trial court violated a clearly established principle of law and must deny this petition. See, e.g., Stilson v. Allstate Ins. Co., 692 So.2d 979 (Fla. 2d DCA 1997).
In doing so, we do not mean to suggest that we approve of the discovery procedures dictated by the trial court's order. Although not argued by Sjuts, we are concerned that such procedures may violate Sjuts' right to due process insofar as the State has been allowed certain benefits of the civil rules that have been effectively denied to Sjuts. With all of these concerns in mind, we join our sister court in the Fourth District in its plea to the Supreme Court of Florida "to appoint an appropriate committee to fashion comprehensive rules for the implementation of the substantive requirements of the Jimmy Ryce Act for those situations where the application of the Rules of Civil Procedure [is] impracticable and where the statute is silent as to the procedure." See Meadows v. Krischer, 24 Fla. L. Weekly D2576, D2577 n. 4, ___ So.2d ___, ___ n. 4, 1999 WL 1037986 (Fla. 4th DCA Nov.17, 1999).
Petition for writ of certiorari denied.
BLUE, A.C.J., and NORTHCUTT and STRINGER, JJ., Concur.
NOTES
[1] The Act is commonly known as the Jimmy Ryce Act.
[2] The Act has since been amended and renumbered and now appears at sections 394.910-394.931, Florida Statutes (1999).
[3] Sjuts filed two separate petitions which we consolidated by prior order.
[4] This was also the subject of a certiorari petition by Sjuts. See Sjuts v. State, 750 So.2d 732 (Fla. 2d DCA 2000).
[5] The Act provides that a multidisciplinary team, including two licenced psychologists or psychiatrists or one of each, is to be established by the Secretary of the Department of Children and Family Services. See § 916.33(3), Fla. Stat. (Supp.1998). The function of the multidisciplinary team is to assess whether the person meets the definition of sexually violent predator and to make a recommendation to the state attorney whether or not to initiate commitment proceedings. See § 916.33. In practice, it appears that a new multidisciplinary team is chosen from a list of independent contractors for each individual that must be evaluated under the Act.
[6] The Act provides that a person be brought to trial within thirty days of the initial determination that there is probable cause to detain him or her unless good cause exists for a continuance. See § 916.36, Fla. Stat. (Supp. 1998). Until adequate discovery rules are promulgated which allow streamlined discovery for the detainee as well as the State, this promise of an early trial is illusory. As of the writing of this opinion, Sjuts has been detained over a year while these proceedings have been pending, first in the lower court and then in this court.