779 So.2d 512 (2000)
Kevin KINDER, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D00-764.
District Court of Appeal of Florida, Second District.
December 8, 2000.
*513 Julianne M. Holt, Public Defender, and Stephen J. Stanley, Assistant Public Defender, Tampa, for Petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Richard L. Polin, Assistant Attorney General, Miami, for Respondent.

ORDER ON MOTIONS FOR REHEARING, REHEARING EN BANC, AND CERTIFICATION
This court has considered the State's motion for rehearing en banc, motion for rehearing, and motion for certification of a question of great public importance together with the response filed by the petitioner Kevin Kinder.
We deny the motions for rehearing which primarily reiterate the arguments presented in the State's response to Kinder's initial petition. We comment, however, on the State's argument that this court's opinion does not address the State's contention that "even absent a timely request for continuance within the initial 30 day period, good cause for a delay can be demonstrated after the expiration of the 30 days." The State asserts that "[i]n the context of the instant case, but for the threatening hurricane, this case would have proceeded in a timely manner, with pre-trial motions, the appointment of counsel, the setting and/or waiving of a trial date, etc. It was an act of God which prevented that from occurring on the scheduled date, and that act of God set in motion the subsequent chain of events." We declined to address this issue in our opinion because the state never sought a continuance either within the initial period or after its expiration. Therefore, the issue was not addressed by the trial court and is not properly before this court.
Moreover the "act of God," accounted for only one of the forty-four days that transpired before Kinder was served with the petition for commitment and appointed counsel. And, the "act of God" cannot be said to have set in motion the subsequent chain of events which consisted of the State's failure to take any action in this case. In fact, the trial court action was not stayed during the proceedings in this court and still the State did not proceed to trial until August 14, 2000, some eleven months after the ex parte probable cause hearing that resulted in Kinder's confinement.
We grant, however, the motion for certification, withdraw the prior opinion filed July 7, 2000, and substitute the attached opinion therefor.
*514 PER CURIAM.
Kevin Kinder petitions this court for a writ of prohibition quashing the trial court order which denied his motion to dismiss the commitment petition filed against him pursuant to the Involuntary Commitment of Sexually Violent Predators Act (hereinafter "the Act").[1] We treat the petition for writ of prohibition as a petition for writ of mandamus, and for the reasons explained below, direct the trial court to order Kinder's release.
Kinder was convicted of a lewd and lascivious act on a minor and sentenced to prison. He was due to be released from prison on September 3, 1999. On that date, the State filed a petition seeking to have Kinder involuntarily committed pursuant to the Act. On that same date, at an ex parte hearing, the trial court found probable cause to believe that Kinder was a sexually violent predator and ordered him transferred to the Department of Children and Families, to be held pending a commitment trial.
Kinder was scheduled to be brought to court for an indigency determination and possible appointment of counsel on September 21, 1999. However, due to a hurricane warning, the courthouse was closed that day and no hearing was held. Kinder was first brought before the court on October 18, 1999, some forty-four days after he was ordered detained. On that date, Kinder was first served with the commitment petition and counsel was appointed to represent him.
Kinder immediately moved to dismiss the commitment petition on the grounds that he had not been brought to trial within the thirty-day period provided by the Act and that no continuance had been sought or granted. The Act provides in pertinent part:
(1) Within 30 days after the determination of probable cause, the court shall conduct a trial to determine whether the person is a sexually violent predator.
(2) The trial may be continued upon the request of either party and a showing of good cause, or by the court on its own motion in the interests of justice, when the person will not be substantially prejudiced.
§ 394.916, Fla. Stat. (1999).
The trial court denied the motion, finding that the thirty-day limit imposed by the Act was directory rather than mandatory, that it was within the trial court's discretion whether to impose a sanction of dismissal, and that dismissal was not appropriate in this case because Kinder had not established irreparable harm. The instant petition followed.
We first consider whether the thirty-day time limit provided for by the Act is mandatory or merely directory. As noted, the Act provides that the detainee "shall" be brought to trial within thirty days of the probable cause hearing, absent a continuance. The use of the word "shall" is generally mandatory, although it may be merely directory under appropriate circumstances. See Belcher Oil Co. v. Dade County, 271 So.2d 118 (Fla.1972). Its interpretation depends upon the context in which it is found and upon the intent of the legislature as expressed in the statute. See S.R. v. State, 346 So.2d 1018 (Fla.1977). Generally, "shall" is interpreted to be mandatory where it refers to some action preceding the possible deprivation of a substantive right and directory where it relates to some immaterial matter in which compliance is a matter of convenience. See Neal v. Bryant, 149 So.2d 529 (Fla.1962).
Under the Act, once a commitment petition is filed and probable cause is found to exist, the detainee is required to be held without possibility of release until he or she is brought to trial. See § 394.915(5), Fla. Stat. (1999). The only limit placed upon this detention is the statutory provision providing that a detainee *515 be brought to trial within thirty days of his or her initial detention. Moreover, although section 394.916, Florida Statutes (1999), allows for the thirty-day period to be continued, it also provides that such continuance may only be granted when the detainee will not be substantially prejudiced by it. See § 394.916(2). We conclude that the intent of the legislature in enacting the thirty-day time limit was to ensure that detainees be brought to trial without undue delay. Therefore, we also conclude that the thirty-day time limit is mandatory.
The State urges that if we conclude that the thirty-day time limit is mandatory, we should nonetheless hold that it does not control because it conflicts with Florida Rule of Civil Procedure 1.440, which governs the setting of an action for trial. The State argues that the setting of a trial date is a procedural matter which must be governed by rule rather than statute. The State is, of course, correct that procedural matters are controlled by rules which must be adopted by the supreme court, while substantive rights are governed by statutes enacted by the legislature. See TGI Friday's, Inc. v. Dvorak, 663 So.2d 606 (Fla.1995).
The State does not, however, urge us to find that the legislature unconstitutionally usurped the court's rule making authority in enacting section 394.916(1). Because that challenge is not now before us and because we are required to interpret statutes so as to give full effect to all of their provisions and to affect a constitutional result when possible, we conclude that the Act may be read so as to create a statutory right to be brought to trial within thirty days.
Kinder concededly was not brought to trial within the thirty-day time limit, nor was a continuance sought or granted within that time frame. Moreover, Kinder was detained for forty-four days beyond the expiration of his prison sentence based upon an ex parte probable cause determination without being served with the commitment petition, brought to court, or offered counsel. As our sister court has observed, "the continued confinement of a person after he has served his full sentence for conviction of a crime is serious enough to warrant scrupulous compliance with the statute permitting such confinement, not to mention the applicable constitutional provisions." Johnson v. Department of Children & Family Servs., 747 So.2d 402, 403 (Fla. 4th DCA 1999). In this case, the State neither complied with the requirements of the Act nor afforded Kinder even minimal due process.
The Act provides no remedy for this violation. Kinder argues that the thirty-day time limit should be construed as jurisdictional, the expiration of which divests the trial court of authority to proceed. We disagree. However, because, in this case, we have construed the time limit to be a statutory right, the only remedy that will adequately redress this violation is the release of the detainee.[2] We, therefore, grant Kinder's petition to the extent that it seeks his release from confinement and direct the trial court to order Kinder's immediate release.
In doing so, we acknowledge that the question of whether a person awaiting an involuntary civil commitment proceeding pursuant to the Act may be released pending trial is one of exceptional importance. We therefore certify the following question to the Supreme Court of Florida as one of great public importance:
WHETHER THE FAILURE TO COMMENCE A COMMITMENT TRIAL WITHIN THE 30-DAY PERIOD OF SECTION 394.916(1), FLORIDA STATUTES (1999), ABSENT A PRIOR CONTINUANCE FOR GOOD CAUSE, AUTHORIZES THE RELEASE OF *516 THE DETAINED INDIVIDUAL, WHEN THE COMMITMENT CASE HAS NOT BEEN DISMISSED, AND THE TRIAL COURT HAS PREVIOUSLY MADE AN EX PARTE DETERMINATION THAT THERE IS PROBABLE CAUSE TO BELIEVE THAT THE INDIVIDUAL IS A SEXUALLY VIOLENT PREDATOR IN NEED OF COMMITMENT.
We conclude by noting that this case, like others involving different aspects of the Act, underscores the need for the legislature to enact more comprehensive legislation and for the supreme court to adopt rules of procedure for the implementation of the Act. Accordingly, we renew our plea to those two bodies to do so with all possible speed. See, e.g., Sjuts v. State, 754 So.2d 781 (Fla. 2d DCA 2000) (joining the Fourth District Court of Appeal in its plea to the Florida Supreme Court to appoint a committee to fashion rules for the implementation of the Act).
ALTENBERND, A.C.J., and BLUE and FULMER, JJ., Concur.
NOTES
[1] §§ 394.910-394.931, Fla. Stat. (1999).
[2] Because it is not yet properly before us, we decline at this time to address whether the Act permits the State to continue the commitment proceeding against Kinder on the originally filed petition.