KAHN, J.
The State of Florida petitions this court for a writ of certiorari to review and quash an order of the Circuit Court for Alachua County, Judge Martha Ann Lott, which ordered the release of Wilbur Reese from the custody of the Department of Children and Families. For the reasons set forth below, we grant the petition.
Reese was convicted of sexual battery in Alachua County for a 1987 offense and sentenced to a term of imprisonment. He was scheduled for release from the Florida Department of Corrections on September 1, 2000, but on August 30, 2000, the State Attorney petitioned the circuit court for Reese’s commitment pursuant to the Jimmy Ryce Act, sections 394.910 through 394.930, Florida Statutes (2000). Attached to the petition were reports of two mental health professionals who opined that Reese met the criteria to be classified as a sexually violent predator. On that same day Judge Lott issued an order which found probable cause to believe Reese was a sexually violent predator, directed the Department of Corrections to deliver him to the Department of Children and Families when he was released from the former’s custody, and appointed the Public Defender for the Eighth Judicial Circuit to represent him in the Jimmy Ryce Act proceedings. The court scheduled an adversarial probable cause hearing on October 3, 2000.
Although the record before this court is incomplete regarding the October 3, 2000, hearing, it appears that at the conclusion thereof Judge Lott announced her finding that there was probable cause to conclude Reese is a sexually violent predator. On October 23, 2000, Reese moved to dismiss the Ryce Act proceeding because he had not been brought to trial within 30 days of the initial finding of probable cause. Judge Lott denied the motion to dismiss but held, relying on Kinder v. State, 25 Fla. L. Weekly D2821, — So.2d -, *657 2000 WL 1800574 (Fla. 2d DCA Dec. 8, 2000), that Reese was entitled to release until he is tried. The State of Florida timely petitioned this court to review that order.
We disagree with the construction of the relevant statutory provisions as set forth by the Second District in Kinder. The Act contemplates two probable cause determinations, the first being ex parte in accordance with section 394.915(1). Section 394.915(2), however, describes an adversarial probable cause hearing which may be conducted “if [the court] determines such hearing is necessary.” The same statutory subsection also provides that “[t]he court shall only consider whether to have an adversarial probable cause hearing in cases where the failure to begin trial is not the result of any delay caused by the respondent” and sets forth procedures to be followed in such a hearing. According to subsection 394.915(4), “If the court again concludes that there is probable cause to believe that the person is a sexually violent predator, the court shall order that the person be held in an appropriate secure facility upon expiration of his or her incarcerative sentence.”
By its terms, the Act requires an adversarial probable cause hearing only where the respondent is not tried within 30 days of the initial ex parte probable cause determination and the failure to begin the trial is not the result of a delay caused by the respondent. We construe the statutory scheme so that, once the circuit judge finds probable cause after an adversarial hearing, the 30 day clock for commencement of trial in section 394.916(1) begins to run anew. The language of section 394.915 supports this construction. In particular, section 394.915(2) prescribes an adversarial hearing in those instances where there is a “failure to begin trial.” This failure could only mean failure to begin trial within the 30 days from the ex parte determination. Section 394.915(4) uses the word “again” to describe the adversarial finding. The statutory scheme, then, contemplates that a trial may not begin within 30 days of the ex parte finding, and, further, that the court will conduct a new probable cause hearing. Because the statute contemplates an adversarial hearing more than 30 days after the ex parte hearing, it must also contemplate that an alleged sexually violent predator will be held beyond 30 days after the ex parte determination.
Moreover, as section 394.916(2) provides that the time for commencement of trial may be extended upon “a showing of good cause”, it appears the time limitation is directory, and does not establish a procedural bar, so as to divest the trial court of jurisdiction to proceed. This view allows us to interpret the statute as constitutional. If we were to view the 30 day limitation as a procedural bar, such would raise the question, as noted by the Second District in Kinder, that the legislature had infringed on the authority of the Supreme Court to regulate procedural matters in the courts.
In some respects, our construction of the statutes is analogous to the right to an adversarial preliminary hearing as provided for by Florida Rule of Criminal Procedure 3.131(b). The section 394.915(2) hearing serves to protect the constitutional liberty interest at stake. As in the pretrial criminal setting, persons who have completed a prison term, but face Ryce Act sanctions, may not be involuntarily detained, beyond a short time unless a court makes a determination, based on presentation of evidence, with the rights of confrontation and cross-examination, that probable cause exists for the detention.
In the instant case, Reese’s motion to dismiss was filed only 20 days after the court had determined, after an adversarial proceeding, that there was probable cause that Reese is a sexually violent predator. Even assuming a valid procedural bar, the motion was premature under the statutes as we have construed them, and relief should have been denied. We therefore *658 grant the petition for writ of certiorari and quash the order of December 13, 2000.
We hereby certify conflict with Kinder. We agree, however, with the Second District’s appraisal of the immediate need for rules to control practice and procedure under the Ryce Act.
PETITION GRANTED.
ERVIN, and BOOTH, JJ., concur.