781 So.2d 1137 (2001)
STATE of Florida, Appellant,
v.
Stephen Lloyd OSBORNE, Appellee.
No. 5D00-556.
District Court of Appeal of Florida, Fifth District.
March 2, 2001.
Rehearing Denied April 11, 2001.
Robert A. Butterworth, Attorney General, Tallahassee, and Richard L. Polin, Assistant Attorney General, Miami, for Appellant.
James Russo, Public Defender, and Blaise Trettis, Assistant Public Defender, Melbourne, for Appellee.
PALMER, J.
The State appeals the final order which dismissed with prejudice its petition seeking the involuntary civil commitment of Stephen Lloyd Osborne as a sexually violent predator pursuant to the Involuntary Civil Commitment of Sexually Violent Predators Act, commonly known as the "Jimmy Ryce Act" ("the Act"). See §§ 394.910-394.931, Fla.Stat. (1999). The trial court concluded that dismissal was required because the State failed to bring Osborne to trial within thirty days of the date of the initial probable cause determination as required under the Act. We reverse.
On September 16, 1999, the State filed a petition against Osborne seeking his civil commitment under the Act, alleging that he was a sexually violent predator who must be committed for care, custody and treatment until such time as it is safe for him to be at large. On the same day the court, ex parte, entered an order finding that probable cause existed to believe that Osborne was a sexually violent predator and directing that he be detained for further proceedings.
On October 1, 1999, Osborne moved to disqualify the trial judge. In an order *1138 dated October 8, 1999 and filed on October 11, 1999 the motion was granted. The case was reassigned to another trial judge by order dated October 12, 1999 and filed on October 14, 1999.
No further action was taken on the petition until December 17, 1999, when Osborne filed his motion to dismiss alleging that the trial court had lost jurisdiction over him because a trial was not conducted within thirty days of the initial probable cause determination, nor was any continuance granted. The motion cited to section 394.916 of the Act which provides, in relevant part:
394.916 Trial; counsel and experts; indigent persons; jury.
(1) Within 30 days after the determination of probable cause, the court shall conduct a trial to determine whether the person is a sexually violent predator.
(2) The trial may be continued upon the request of either party and a showing of good cause, or by the court on its own motion in the interests of justice, when the person will not be substantially prejudiced.
§ 394.916(1),(2), Fla.Stat. (1999). Over the State's objection that the statutory thirty-day time provision was not jurisdictional, the trial court concluded that dismissal was warranted because the State had failed to bring Osborne to trial within the required thirty days and had not received a continuance for good cause. Osborne was thereafter discharged and released from custody.
Before addressing the merits of the State's appeal, we must consider Osborne's contention that the State lacks authority to appeal the instant dismissal order because no such right of appeal is expressly provided for in the Act. We reject this contention as meritless because the State possesses the same right to appeal as any other party in a civil proceeding; therefore, an express grant is not necessary for each statutorily-created cause of action. See Art. V, § 4(b), Fla. Const.; Amendments to the Florida Rules of Appellate Procedure, 696 So.2d 1103 (Fla.1996).
With regard to the merits of this appeal, we first address the State's argument that the dismissal order must be reversed because the trial court did not lose jurisdiction over Osborne when a trial was not conducted within thirty days after the determination of probable cause. We conclude that the State is correct that the statutory time provision is not jurisdictional. In reaching this conclusion we considered, among other issues, the legislative purpose behind the enactment of the Act.
The Legislature's stated purpose for enacting the Jimmy Ryce Act was to create a civil commitment procedure distinct from the involuntary treatment provided by Florida's Baker Act[1] because "a small but extremely dangerous number of sexually violent predators exist who do not have a mental disease or defect that renders them appropriate for involuntary treatment under the Baker Act." § 394.910, Fla.Stat. (1999). The Legislature determined that such a commitment procedure was necessary because the likelihood that a sexually violent predator will repeat acts of sexual violence is high. To that end, in order to be subject to commitment under the Act, the respondent must have been convicted of a sexually violent offense, as that term is defined in the Act, and suffer from a "mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, *1139 care, and treatment." § 394.912(10), Fla. Stat. (1999).
We next considered Osborne's contention that the statutory time period is mandatory, and thus jurisdictional, because the Legislature used the word "shall" in the provision establishing the thirty-day time period, although it provided no consequences for the State's failure to comply. § 394.916, Fla.Stat. (1999). Our Supreme Court has acknowledged on multiple occasions that, in appropriate circumstances, the term "shall" can merely be directory. For example, in Schneider v. Gustafson Indus., Inc., 139 So.2d 423, 424 (Fla.1962), the court noted that statutes setting the time when a task is to be done are regarded as merely directory where no provision restraining the doing of it after that time is included. See also Belcher Oil Co. v. Dade County, 271 So.2d 118, 121 (Fla.1972)(noting that although "shall" normally has a mandatory connotation, in proper cases it may be construed as permissive only); Comcoa, Inc. v. Coe, 587 So.2d 474, 477 (Fla. 3d DCA 1991)(holding that according to the context and surrounding circumstances, a statutory "shall" is to be read as "may" and vice versa). Applying this case law to the instant facts, we construe the instant language as being directory because the quoted provision is a time provision with no specified consequences for non-compliance. The First and Fourth Districts have reached the same conclusion.
In State v. Reese, 773 So.2d 655, 657 (Fla. 1st DCA 2000) the First District specifically held that, since under the express terms of the Act the time of commencement of trial may be extended for good cause, the statutory thirty-day time limitation is directory and does not establish a procedural bar so as to divest the trial court of jurisdiction to proceed. Also, in Amador v. State, 766 So.2d 1061 (Fla. 4th DCA 2000) the Fourth District concluded, at least by implication, that the thirty-day time limit is not jurisdictional. In that case, a habeas corpus petition was filed by a defendant alleging that the commitment case had not been tried within the statutory thirty-day time period. Since the defendant was not incarcerated within the Fourth District's jurisdiction, the court's habeas corpus jurisdiction was limited to determining whether the proceedings in the trial court were "void or illegal." Id. at 1062 (citing Alachua Reg'l Juvenile Detention Ctr. v. T.O., 684 So.2d 814 (Fla.1996)). The Fourth District concluded that the trial court's order refusing to release the defendant was not void or illegal and, therefore, the court was not authorized to exercise habeas corpus review. If the statutory thirty-day time limit were jurisdictional, the trial court's order would indeed have been found void or illegal.
Both parties cite extensively to out-of-state authorities construing similar sexual predator legislation. Osborne contends that case law from Kansas should be followed, arguing that the Act was directly fashioned after the Kansas statute. Meanwhile, the State cites cases from a number of jurisdictions, including North Dakota and California, contending that the Act was fashioned after statutes existing in those states. While out-of-state authorities are not controlling, some of the cases cited by the parties contain helpful discussion and analysis. Particularly persuasive is the reasoning set forth by the court in People v. Curtis, 177 Cal.App.3d 982, 223 Cal.Rptr. 397 (1986). When addressing the question of whether a similar statutory time requirement was mandatory or directory the court stated:
With respect to time-limit statutes the general rule is that requirements relating to the time within which an act must *1140 be done are directory rather than mandatory or jurisdictional, unless a contrary intent is clearly expressed ... a proper test of legislative intent is to focus on the likely consequences of holding a particular time limitation mandatory, in an attempt to ascertain whether those consequences would defeat or promote the purpose of the enactment.
Id. at 399. The court concluded that the purpose of the sexual predator statute was primarily for the protection of the public and, as such, the thirty-day period was deemed directory: "It would be anomalous to construe a statute designed to prevent the release of dangerous people into the community in such a way that an inconsequential violation of a time requirement would allow the very release the statute is designed to prevent." Id. at 400.
To support his position that the instant dismissal order should be affirmed, Osborne relies upon Kinder v. State, 779 So.2d 512 (Fla. 2d DCA 2000), rev. granted, No. SC01-37, ___ So.2d ___ (Fla. Jan.23, 2001). However, such reliance is misplaced because the Kinder court specifically determined that the thirty-day time period was not jurisdictional: "Kinder argues that the thirty-day time limit should be construed as jurisdictional, the expiration of which divests the trial court of authority to proceed. We disagree." Id. at 515.[2]
Osborne also contends that the instant dismissal order must be affirmed because the trial court lost jurisdiction over him when no motion for continuance was filed by the State within the thirty-day period. We reject such an interpretation of the statute because it would thwart the Legislature's intent to provide treatment for persons who may be mentally ill and a danger to society. Furthermore, while no Florida court has yet addressed this specific issue, in In re M.D., 598 N.W.2d 799 (N.D.1999), the North Dakota Supreme Court ruled, under similar circumstances, that a failure to make a request for continuance before the thirty-day period had expired did not divest the court of jurisdiction to consider whether there was good cause to extend the thirty-day limit.
We further note that the speedy trial analogies argued by Osborne are not applicable because in Westerheide v. State, 767 So.2d 637 (Fla. 5th DCA 2000), this court concluded that commitments pursuant to the Act are civil, not criminal, in nature.
Upon review of all the arguments presented by the parties, we hold that the failure to meet the statutory thirty-day time limit did not divest the trial court of jurisdiction over Osborne.
We must next consider whether the instant dismissal order can be upheld on the basis that prejudice to Osborne resulted from the State's delay in commencing trial. See Gordon v. Savage, 383 So.2d 646, 649 (Fla. 5th DCA 1980)(explaining that, in a non-criminal case, the respondent must show that he was prejudiced by the deprivation of due process based on delay). Osborne has not argued that he has suffered any prejudice as a result of the State's failure to bring him to trial within thirty days of the probable cause determination. Accordingly, we cannot affirm the dismissal order on the basis of prejudice.
We reject the State's contention that a trial can only be held pursuant to the filing of a notice for trial in accordance with the provisions of rule 1.440, which provides that a case is not at issue until twenty days after service of the last pleading *1141 and that the trial cannot be set less than thirty days after the service of the notice for trial. See Fla.R.Civ.P. 1.440. Even though section 394.9155(1) of the Act indicates that the Florida Rules of Civil Procedure are applicable, the provisions of rule 1.440 are in direct conflict with the explicit time frame set forth in the Act. Statutory provisions take precedence over court rules. See TGI Friday's, Inc. v. Dvorak, 663 So.2d 606, 611 (Fla.1995). We also reject the State's contention that the statutory time limit is procedural and governed by court rules which cannot be altered by statute. Since the thirty-day limitation is not a procedural bar, the legislature has not infringed on the authority of the Supreme Court to regulate procedural matters in the court. See State v. Reese, 773 So.2d 655 (Fla. 1st DCA 2000).
The trial court's dismissal order is reversed and this matter is remanded for further proceedings.
REVERSED and REMANDED.
THOMPSON, C.J., and PLEUS, J., concur.
NOTES
[1] See § 394.467, Fla.Stat. (1999).
[2] Since Osborne has been released from custody, we need not reach the issue presented to the Fourth District in Kinder which was whether immediate release is required when the time limit is not complied with.