901 So.2d 381 (2005)
The STATE of Florida, Appellant,
v.
Cleveland BRYANT, Appellee.
No. 3D03-1829.
District Court of Appeal of Florida, Third District.
May 11, 2005.
Charles J. Crist, Jr., Attorney General, and Thomas C. Mielke, Assistant Attorney General, for appellant.
*382 Bennett H. Brummer, Public Defender, and Robert Godfrey, Assistant Public Defender, for appellee.
Before COPE, FLETCHER and WELLS, JJ.
COPE, J.
The State appeals a final judgment after a jury verdict finding that respondent Cleveland Bryant was not a sexually violent predator for purposes of the Jimmy Ryce Act. We conclude that there was an error in the jury instructions which requires a new trial.

I.
There is a threshold question whether the Jimmy Ryce Act[1] allows a state appeal where there has been a jury determination that a person is not a sexually violent predator.
After the State filed its notice of appeal, respondent-appellee Cleveland Bryant moved to dismiss the appeal. He argued that under the terms of the Act, a state appeal is not allowed. A motion panel of this court denied the motion without opinion.
The parties briefed the case. In the answer brief, Bryant again argued that as a matter of law, the Act precludes a state appeal.
At oral argument, the State contended that this court's earlier denial of the motion to dismiss constituted the law of the case, and that Bryant was thereafter barred from raising the issue. The State is incorrect.
Under this court's long-standing practice, an order which denies a motion to dismiss the appeal without opinion is an interlocutory ruling which may be revisited by the merits panel. See Hialeah Hotel, Inc. v. Woods, 778 So.2d 314, 315 (Fla. 3d DCA 2000). It was therefore permissible for Bryant to renew his argument in the appellee's brief that this court does not have jurisdiction of this appeal.

II.
On the merits, we agree with the Fifth district that the State is allowed to appeal an adverse judgment under the Act. See State v. Osborne, 781 So.2d 1137, 1138 (Fla. 5th DCA 2001), review granted, 855 So.2d 621 (Fla.2003).[2]
Bryant points to a portion of the Act stating, "The determination that a person is a sexually violent predator may be appealed." § 394.917(1), Fla. Stat. (2003). Bryant argues that the Act only authorizes an appeal by the respondent in a civil commitment proceeding under the Jimmy Ryce Act, and does not allow a state appeal. The State concedes that, purely as a matter of statutory construction, Bryant is correct.
As recognized in the Osborne decision, the Florida Supreme Court has stated that the Florida Constitution protects the right to appeal. Amendments to the Florida Rules of Appellate Procedure, 696 So.2d 1103, 1104 (Fla.1996). "[T]he legislature may implement this constitutional right and place reasonable conditions upon it so long as they do not thwart the litigants' legitimate appellate rights." Id. (footnote omitted).[3]
*383 Based on that authority, the Osborne court ruled that "the State possesses the same right to appeal as any other party in a civil proceeding; therefore, an express grant is not necessary for each statutorily-created cause of action." 781 So.2d at 1138 (citations omitted).[4]

III.
On the merits, the State contends that the trial court erred by modifying standard jury instruction 2.02 for Involuntary Civil Commitment of Sexually Violent Predators ("Instruction 2.02"). See Florida Standard Jury Instructions in Criminal Cases, at 592 (4th ed.2002). The court changed the word "likely" to "highly likely" in Instruction 2.02. The State argues that this was error. We agree.
The State filed written proposed jury instructions. These were the standard jury instructions and included Instruction 2.02. Instruction 2.02 tracks the statute and provides in part:
To prove the respondent, (respondent's name), is a sexually violent predator, the State must prove each of the following three elements by clear and convincing evidence:
a. (Respondent) has been convicted of a sexually violent offense; and
b. (Respondent) suffers from a mental abnormality or personality disorder; and
c. The mental abnormality or personality disorder makes [him] [her] likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment.
(Emphasis added). The phrase "likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment" (emphasis added) is identical to the relevant part of the statute which defines the term "sexually violent predator." See § 394.912(10)(b), Fla. Stat. (2003).
Bryant asked the court to modify paragraph c of Instruction 2.02 to say "highly likely" instead of "likely." Bryant contended that this heightened standard was required by the decision of the United States Supreme Court in Kansas v. Crane, 534 U.S. 407, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002). The court granted Bryant's request.
The trial court should not have changed "likely" to "highly likely" in Instruction 2.02. The effect was to create a higher standard of proof for the State than the statute provides. See State v. White, 891 So.2d 502 (Fla.2004). We note, however, that the trial court did not have the benefit of the White decision, which was announced over a year after the completion of Bryant's trial.
Bryant argues that the issue is not properly preserved for appellate review. We disagree. The State made a written request for the standard jury instructions to be used, including Instruction 2.02, and made a written objection to the defense requests for modification. We do not interpret the statements made at the charge conference as having waived the issue.
For the reasons stated the judgment is reversed and the cause remanded for a new trial.
NOTES
[1] §§ 394.910-.931, Fla. Stat. (2003).
[2] The Osborne decision has been disapproved in part on other grounds. See State v. Goode, 830 So.2d 817, 830 (Fla.2002).
[3] The right to appeal is subject to limitation or curtailment in the event of litigation abuse. See Lussy v. Fourth District Court of Appeal, 828 So.2d 1026, 1027 (Fla.2002); Sibley v. Sibley, 885 So.2d 980, 985-88 (Fla. 3d DCA 2004), review denied, No. SC05-7, 901 So.2d 120 (Fla. April 5, 2005).
[4] The only issue before us is the State's right to appeal in a civil matter. No issue is presented in this case regarding the extent of the State's right to appeal in criminal cases.